# EXHIBIT A

COPY
Original Filed
JAN 0 3 2023
TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

JENNIFER SCHULTZ, an individual, on behalf of herself and all others similarly situated,

    Plaintiff,

vs.

AVENUE5 RESIDENTIAL, LLC, a foreign limited liability company and ENJOY! THE RIVER, LLC, a Washington limited liability company,

    Defendants.

Case No.: 23-2-00013-32

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Jennifer Schultz, on behalf of herself and all others similarly situated, by and through her attorneys, Shayne J. Sutherland of *Cameron Sutherland, PLLC*, and Kirk D. Miller of *Kirk D. Miller, P.S.*, alleging the following:

### I. COMPLAINT

1.1    This is an action for damages and remedies against Defendants AVENUE5 RESIDENTIAL LLC ("Avenue5") and ENJOY! THE RIVER, LLC, ("Enjoy") (collectively "Defendants") for Defendants' violations of the Washington

COMPLAINT FOR DAMAGES - 1

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste 660
Spokane, WA 99201
(509) 413-1494



Residential Landlord-Tenant Act, RCW 59.18, *et seq.*, ("RLTA"), the Washington Consumer Protection Act. RCW 19.86, *et seq.*, and unjust enrichment.

## II. JURISDICTION & VENUE

2.1   This Court has jurisdiction and venue is proper in Spokane County, Washington because the Plaintiff lived in Spokane County for all times relevant to the facts of this lawsuit, the rental agreement concerned herein was signed in Spokane County and is for an apartment complex located in Spokane County, and Defendants regularly transact business in Spokane County, Washington.

2.2   Avenue5 is registered to do business, and regularly transacts business, in Washington state.

2.3   Avenue5 is a citizen of Washington state.

2.4   Enjoy is registered to do business, and regularly transacts business in Washington state.

2.5   Enjoy is a citizen of Washington state.

2.6   Plaintiff Jennifer Schultz is a citizen of Washington State.

## III. PARTIES

3.1   At all relevant times, Plaintiff Schultz was a resident of the state of Washington, residing within Spokane County, Washington.

3.2   Defendant Avenue5 is a foreign limited liability company that is primarily engaged in the business of managing rental properties in Washington State and elsewhere.

COMPLAINT FOR DAMAGES - 2

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste 660
Spokane, WA 99201
(509) 413-1494

3.3 Defendant Enjoy is a Washington limited liability company that is primarily engaged in the business of owning rental properties in Washington State and elsewhere.

3.4 Avenue5 and Enjoy and their related, parent, and subsidiary corporations are providers of housing and services to residents, property owners, and/or investors in the multifamily real estate industry.

3.5 Avenue5 is the designated representative of the owner, lessor, or sublessor, or an agent, resident manager, or a designated property manager for multiple dwelling units, or properties of which one or more dwelling units are a part, throughout the state of Washington and elsewhere.

3.6 Enjoy is an owner, lessor, sublessor, or the designated representative of the owner, lessor, or sublessor, or an agent, resident manager, or a designated property manager for multiple dwelling units, or properties of which one or more dwelling units are a part, throughout the state of Washington and elsewhere.

3.7 Avenue5 is a "Landlord" as defined by RCW 59.18.030(16).

3.8 Enjoy is a "Landlord" as defined by RCW 59.18.030(16).

## IV. FACTS

4.1 On or about January 4, 2021, Ms. Schultz signed a rental agreement for a unit at the River House at the Trail Head ("River House Apartments") apartment complex, located on East Mission Parkway in Spokane, Washington.

4.2 The River House Apartments are managed by Avenue5.

4.3 The River House Apartments are owned by Enjoy.

COMPLAINT FOR DAMAGES - 3

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste 660
Spokane, WA 99201
(509) 413-1494

4.4 Defendants' lease agreement and addenda for the River House Apartments consist of more than 70 pages of contract terms.

4.5 The term of the Plaintiff Schultz's lease agreement was from January 4, 2021, through March 3, 2022.

4.6 By the terms of her lease, her lease payment of $1,248.26 was due on the first day of each month.

4.7 All tenants of Avenue5 in the state of Washington who are over the age of eighteen are required to sign an identical or nearly identical lease agreement with the same or similar terms as the lease that Ms. Schultz signed.

4.8 All tenants of the River House Apartments in the state of Washington who are over the age of eighteen are required to sign an identical or nearly identical lease agreement with the same or similar lease terms that Ms. Schultz signed.

4.9 RCW 59.18.170 was amended in June of 2020 to provide that a "landlord may not charge a late fee for rent that is paid within five days following its due date. If rent is more than five days past due, the landlord may charge late fees commencing from the first day after the due date until paid."

4.10 RCW 59.18.230 was amended in June of 2020 to prohibit any rental agreement from requiring a tenant "to pay late fees for rent that is paid within five days following its due date."

4.11 Avenue5's standard lease agreement required Ms. Schultz and its other Washington tenants to pay late fees in the amount of $75.00 if they did not make their rental payments by the fifth day of the month.

COMPLAINT FOR DAMAGES - 4

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste 660
Spokane, WA 99201
(509) 413-1494

4.12  Defendants' standard lease agreement for the River House Apartments required Ms. Schultz and its other Washington tenants to pay late fees in the amount of $75.00 if they did not make their rental payments by the fifth day of the month.

4.13  RCW 59.18.230(2)(c) specifically prohibits any rental agreement from requiring a tenant "to pay the landlord's attorney fees, except as authorized [by the RLTA]."

4.14  Avenue5's standard lease agreement required Ms. Schultz and its other Washington tenants to pay attorney's fees that are not authorized by the RLTA.

4.15  Defendants' standard lease agreement for the River House Apartments required Ms. Schultz and its other Washington tenants to pay attorney's fees that are not authorized by the RLTA.

4.16  Avenue5's standard lease agreement and Enjoy's standard River House Apartments lease includes the following term: "Unless a party is seeking exemplary, punitive, sentimental or personal injury damages, the prevailing party may recover from the non-prevailing party reasonable attorney's fees and all other litigation costs. The Owner shall be deemed to be the prevailing party if the action voluntarily is halted by the Owner prior to judgment, or if the case is not filed, prior to filing, on the basis that the Owner accepted from the Resident all or part of the amounts alleged to be owing, or on the basis that the Resident vacated the rental unit. Late charges are liquidated damages for our time, inconvenience, and overhead in collecting late rent (but are not for attorney's fees and litigation costs). All unpaid amounts bear 12% interest per year from due date, compounded annually. You must pay all collection agency fees if you fail to pay all sums due within 10 days after we mail

COMPLAINT FOR DAMAGES - 5

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste 660
Spokane, WA 99201
(509) 413-1494

you a letter demanding payment and stating that collection agency fees will be added if you don't pay all sums by that deadline."

4.17  Avenue5's standard lease agreement required Ms. Schultz and its other Washington tenants to pay $25.00 as a service fee for each and every notice served under RCW 59.12, *et seq.*, (Washington's Unlawful Detainer Chapter).

4.18  Defendants' standard lease agreement for the River House Apartments required Ms. Schultz and its other Washington tenants to pay $25.00 as a service fee for each and every notice served under RCW 59.12, *et seq.*

4.19  Neither RCW 59.18, *et seq.*, nor RCW 59.12, *et seq.*, allow a landlord to unilaterally charge tenants for notices associated with Washington's unlawful detainer process.

4.20  Avenue5's standard lease agreement required Ms. Schultz and its other Washington tenants to pay $1.00 per month for Pest Control Services.

4.21  Defendants' standard lease agreement for the River House Apartments required Ms. Schultz and its other Washington tenants to pay $1.00 per month for Pest Control Services.

4.22  RCW 59.18.060(4) states that it is the landlord's duty to "[p]rovide a reasonable program for the control of infestation by insects, rodents, and other pests at the initiation of the tenancy and, except in the case of a single-family residence, control infestation during tenancy except where such infestation is caused by the tenant."

4.23  Defendants' standard lease signed by Ms. Schultz, and multiple others signed by their Washington tenants, contained a "Construction Addendum." The Addendum included a Release which required Ms. Schultz and their other Washington tenants

COMPLAINT FOR DAMAGES - 6

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste 660
Spokane, WA 99201
(509) 413-1494

to release, indemnify, and hold harmless the "Owner, River House at the Trailhead and their respective agents employees officers directors, partners successors and assigns (collectively referred to as the "Released Parties") from and against any and all costs, expenses (including attorneys' fees), claims, rights and causes of action including, but not limited to, such costs, expenses, claims, rights and causes of action relating to any personal, bodily or property damage or injury relating to, arising out of or connected with construction at the Apartments. Resident expressly acknowledges and agrees that Resident is renting the Unit with full knowledge of such construction activity and that the construction activity shall not constitute any default or breach by Owner of the Lease or of Resident's right to use the Unit, any amenities or common areas of the Apartments nor shall such construction activity entitle Resident to any concessions including termination of the Lease or recovery of damages from Owner or any other Released Parties."

4.24    RCW 59.18.230(b)(2)(d) prohibits any rental agreement from requiring tenants to agree to "the exculpation or limitation of any liability of the landlord arising under law or to indemnify the landlord for the liability or the costs connected therewith."

4.25    Defendants deliberately or knowingly included the illegal lease provisions addressed above, and others, that they knew or should have known were illegal in their standard lease agreements with Ms. Schultz and other Washington tenants.

COMPLAINT FOR DAMAGES - 7

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste 660
Spokane, WA 99201
(509) 413-1494

# V. VIOLATIONS OF WASHINGTON'S RESIDENTIAL LANDLORD-TENANT ACT (RLTA), RCW 59.18, *ET SEQ.*

5.1   RCW 59.18.230 prohibits landlords from including certain provisions in its lease agreements with its tenants.

5.2   As currently written, the statute prohibits any provisions that require a tenant to:

(a) waive or to forgo rights or remedies under this chapter; or
(b) confess judgment on a claim arising out of the rental agreement; or
(c) pay the landlord's attorneys' fees, except as authorized in this chapter; or
(d) agree to the exculpation or limitation of any liability of the landlord arising under law or to indemnify the landlord for that liability or the costs connected therewith; or
(e) agree to a particular arbitrator at the time the rental agreement is entered into; or
(f) agree to pay late fees for rent that is paid within five days following its due date. or
(g) agree to make rent payments through electronic means only.

5.3   Defendants' illegal lease provisions are void and unenforceable.

5.4   Defendants intentionally and/or knowingly included illegal lease provisions set forth in this Complaint, and others, that they knew or should have known were illegal in their standard lease agreements with Ms. Schultz and its other Washington tenants.

5.5   Due to these violations, Defendants are liable for actual damages and statutory damages not to exceed two times the monthly rent per each unit, plus reasonable attorney's fees and costs.

5.6   Defendant Avenue5 has required more than one hundred (100) Washington tenants to sign lease agreements containing at least one of the illegal lease provisions

COMPLAINT FOR DAMAGES - 8

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste 660
Spokane, WA 99201
(509) 413-1494

described in paragraph 5.2 above in the three (3) years preceding the filing of this action.

5.7 Defendant Avenue5 has required more than one thousand (1,000) Washington tenants to sign lease agreements containing at least one of the illegal lease provisions described in paragraph 5.2 above in the three (3) years preceding the filing of this action.

5.8 Defendant Avenue5 has required more than ten thousand (10,000) Washington tenants to sign lease agreements containing at least one of the illegal lease provisions described in paragraph 5.2 above in the three (3) years preceding the filing of this action.

5.9 Defendant has required more than ten thousand (10,000) prospective Washington tenants to pay a tenant screening fee, as a condition of its rental application process in the three (3) years preceding the filing of this action.

5.10 Defendant Enjoy has required more than one hundred (100) Washington tenants to sign lease agreements containing at least one of the illegal lease provisions described in paragraph 5.2 above in the three (3) years preceding the filing of this action.

5.11 Defendant Enjoy has required more than five hundred (500) Washington tenants to sign lease agreements containing at least one of the illegal lease provisions described in paragraph 5.2 above in the three (3) years preceding the filing of this action.

COMPLAINT FOR DAMAGES - 9

5.12  Defendant Enjoy has required more than one thousand (1,000) Washington tenants to sign lease agreements containing at least one of the illegal lease provisions described in paragraph 5.2 above in the three (3) years preceding the filing of this action.

## VI. UNJUST ENRICHMENT

6.1  Defendants were prohibited from charging Plaintiff or any of their Washington tenants, except for those residing in single-family dwellings, a fee for pest control.

6.2  Defendants were prohibited from charging Plaintiff or any of their Washington tenants late fees before five days had passed from the rental due date.

6.3  Defendants were prohibited from charging Plaintiff any of their Washington tenants fees for notices issued pursuant to RCW 59.12, *et seq.*, or RCW 59.18, *et seq.*

6.4  Defendants were unjustly enriched by receiving payment from tenants for pest control.

6.5  It is unjust for Defendants to be allowed to retain payments they received through illegal charges imposed upon their tenants.

## VII. VIOLATIONS OF WASHINGTON'S CONSUMER PROTECTION ACT, RCW 19.86, *ET SEQ.*

7.1  In addition to, or in the alternative, Plaintiff pleads the following violations of the Consumer Protection Act (CPA).

7.2  Defendants, through their conduct, have engaged in unfair or deceptive acts or practices in trade or commerce in violation of the CPA, RCW 19.86, *et seq.*

7.3  The Defendants' imposition of fees for pest control constitutes unfair or deceptive conduct.

7.4  The Defendants' imposition of fees for notices served in relation to the RLTA and/or RCW 59.12, *et seq.*, constitutes unfair or deceptive conduct.

7.5  The Defendants' inclusion of illegal provisions within its lease agreements, with or without intention, constitutes unfair or deceptive conduct.

7.6  The Defendants' conduct has caused substantial injury to the Plaintiff in her business and property.

7.7  The Defendants' conduct injured, and/or had the capacity, and/or has the capacity to injure other persons and impacts the public interest.

7.8  Through their conduct in violation of the CPA, the Defendants are liable for causing economic and non-economic damages to the Plaintiff in an amount to be proven at trial.

7.9  The Defendants' actions committed in violation of its legal obligations warrant exemplary damages as provided by RCW 19.86.090.

7.10 As a result of these violations and damages, and pursuant to RCW 19.86.090, the Plaintiff is entitled to an award of costs and attorneys' fees incurred in bringing this action before the Court.

## VIII. CLASS ALLEGATIONS

This action is brought on behalf of a class consisting of:

FOR ALL CLASS MEMBERS:

8.1  All persons;

COMPLAINT FOR DAMAGES - 11

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste 660
Spokane, WA 99201
(509) 413-1494

8.2   Who rented any property in Washington State;

8.3   Where the rental property, was owned or managed by Defendants, or where Defendants were a "landlord" of the property, as defined by RCW 59.18.030(16);

8.4   Who signed any lease agreement with the Defendants;

8.5   Where the lease agreement contained provisions prohibited by the RLTA.

SUBCLASS A:

    8.5.1   Who were required to pay any amounts out-of-pocket for late fees imposed before five days had passed since the rent was due, for pest control charges (excluding those in a single-family dwelling), and/or for notices served regarding RCW 59.12, *et seq.* or RCW 59.18, *et seq.*

8.6   Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

8.7   Plaintiff will fairly and adequately represent the interests of the class members. She is committed to vigorously litigating this matter.

8.8   Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

8.9   A class action is a superior method for the fair and efficient adjudication of this controversy.

8.10  Class-wide damages are essential to induce Defendants to comply with the law.

8.11  The interests of the class members in individually controlling the presentation of separate claims against the Defendants is small, because the amount of damages recoverable in an individual case is relatively small.

8.12 Certification of a class pursuant to Fed. R. Civ. Pro 23(b)(3) is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the amount of available damages for many of the class members may be relatively small. In the absence of a class action, a failure of justice will result.

8.13 Certification of a class pursuant to CR 23(b)(2) is also appropriate. Defendants acted on grounds generally applicable to the class, making declaratory relief appropriate with respect to the class as a whole.

## IX. DEMAND

WHEREFORE, Plaintiff and the class demand judgment as follows:

9.1 Actual damages in the amount paid for charges or fees otherwise prohibited by law;

9.2 Statutory damages of five-hundred dollars ($500) or two times the monthly rent per unit, depending on the period of the violation, per prospective tenant, pursuant to RCW 59.18.230;

9.3 Treble damages pursuant to RCW 19.86.090;

9.4 Costs and reasonable attorney's fees pursuant to RCW 59.18.230 and/or RCW 19.86.090, and/or any other applicable statute;

9.5 Pre-judgment interest on all amounts paid by tenants for illegal charges or fees;

9.6 Post-judgment interest;

9.7 Declaratory judgment that Defendants' illegal lease provisions are void and unenforceable and their practices violate Washington's RLTA and/or the CPA;

COMPLAINT FOR DAMAGES - 13

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste 660
Spokane, WA 99201
(509) 413-1494

9.8 Injunctive relief requiring Defendants to cease use of lease agreements containing illegal lease provisions; and

9.9 Such other and further relief as may be just and proper.

DATED this 3rd day of January, 2023.

CAMERON SUTHERLAND, PLLC

Shayne J. Sutherland, WSBA #44593
*Attorney for Plaintiff*

KIRK D. MILLER, P.S.

Kirk D. Miller, WSBA #40025
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES - 14

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste 660
Spokane, WA 99201
(509) 413-1494