Robert D. Lee (WSBA #46682)
E-mail: rlee@cozen.com
Patrick G. Lynch, (WSBA #53147)
E-mail: plynch@cozen.com
COZEN O'CONNOR
999 Third Avenue, Ste. 1900
Seattle, Washington 98104
Telephone: (206) 340-1000

*Attorneys for Defendant Avenue5 Residential, LLC*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
## AT SPOKANE

| | |
|---|---|
| JENNIFER SCHULTZ, an individual, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>AVENUE5 RESIDENTIAL, LLC, a foreign limited liability company and ENJOY! THE RIVER LLC, a Washington limited liability company,<br><br>    Defendants. | Case No.: 2:23-cv-00088<br><br><br>**AVENUE5 RESIDENTIAL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |

COMES NOW Defendant Avenue5 Residential, LLC ("Avenue5"), by and through their counsel of record Robert D. Lee and Patrick G. Lynch of Cozen O'Connor, and hereby provides the following Answer to Plaintiff's Complaint for Damages.

### I.     COMPLAINT

1.1     By way of answer to paragraph 1.1, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

## II.     JURISDICTION AND VENUE

2.1     By way of answer to paragraph 2.1, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

2.2     By way of answer to paragraph 2.2, Answering Defendant admits.

2.3     By way of answer to paragraph 2.3, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

2.4     By way of answer to paragraph 2.4, Answering Defendant asserts that this paragraph does not contain allegations directed at Answering Defendant.  To the extent a response is required, Answering Defendant denies.

2.5     By way of answer to paragraph 2.5, Answering Defendant asserts that this paragraph does not contain allegations directed at Answering Defendant.  To the extent a response is required, Answering Defendant denies.

2.6     By way of answer to paragraph 2.6, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

## III.     PARTIES

3.1     By way of answer to paragraph 3.1, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

3.2     By way of answer to paragraph 3.2, Answering Defendant admits.

3.3     By way of answer to paragraph 3.3, Answering Defendant asserts that this paragraph does not contain allegations directed at Answering Defendant.  To the extent a response is required, Answering Defendant denies.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

3.4     By way of answer to paragraph 3.4, Answering Defendant asserts that this paragraph does not contain allegations directed at Answering Defendant.  As to the allegations directed at Answering Defendant, Answering Defendant admits that it is involved in the multifamily real estate industry.  As to the remaining allegations, to the extent a response is required, Answering Defendant denies.

3.5     By way of answer to paragraph 3.5, Answering Defendant admits that they manage properties in the State of Washington.

3.6     By way of answer to paragraph 3.6, Answering Defendant asserts that this paragraph does not contain allegations directed at Answering Defendant.  To the extent a response is required, Answering Defendant denies.

3.7     By way of answer to paragraph 3.7, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

3.8     By way of answer to paragraph 3.8, Answering Defendant asserts that this paragraph does not contain allegations directed at Answering Defendant.  To the extent a response is required, Answering Defendant denies.

## IV.     FACTS

4.1     By way of answer to paragraph 4.1, Answering Defendant admits.

4.2     By way of answer to paragraph 4.2, Answering Defendant admits.

4.3     By way of answer to paragraph 4.3, Answering Defendant asserts that this paragraph does not contain allegations directed at Answering Defendant.  To the extent a response is required, Answering Defendant denies.

4.4     By way of answer to paragraph 4.4, Answering Defendant denies that the "lease agreement and addenda" contain "more than 70 pages of contract terms."

4.5     By way of answer to paragraph 4.5, Answering Defendant admits.

4.6     By way of answer to paragraph 4.5, Answering Defendant denies.

AVENUE5 RESIDENTIAL, LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES - 3
Case No.:  2:23-cv-00088

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62451431\2

4.7     By way of answer to paragraph 4.7, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

4.8     By way of answer to paragraph 4.8, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

4.9     By way of answer to paragraph 4.9, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

4.10    By way of answer to paragraph 4.10, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

4.11    By way of answer to paragraph 4.11, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

4.12    By way of answer to paragraph 4.12, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

4.13    By way of answer to paragraph 4.13, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

4.14    By way of answer to paragraph 4.14, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

4.15    By way of answer to paragraph 4.15, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

4.16    By way of answer to paragraph 4.16, Answering Defendant asserts that this paragraph contains allegations not directed at Answering Defendant.  As to the allegations directed at Answering Defendant, Answering Defendant admits that the quoted text appears in Plaintiff Schultz' lease agreement.  As to the remaining allegations, to the extent a response is required, Answering Defendant denies.

4.17    By way of answer to paragraph 4.17, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

4.18    By way of answer to paragraph 4.18, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

4.19    By way of answer to paragraph 4.19, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

4.20    By way of answer to paragraph 4.20, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

4.21    By way of answer to paragraph 4.21, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

4.22    By way of answer to paragraph 4.22, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

AVENUE5 RESIDENTIAL, LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES - 5
Case No.:  2:23-cv-00088

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62451431\2

4.23    By way of answer to paragraph 4.23, Answering Defendant admits that the quoted language appears in Plaintiff Schultz' lease agreement.  The remaining allegations call for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

4.24    By way of answer to paragraph 4.24, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

4.25    By way of answer to paragraph 4.25, Answering Defendant denies.

## V.    VIOLATIONS OF WASHINGTON'S RESIDENTIAL LANDLORD-TENANT ACT (RLTA), RCW 59.18, *ET SEQ.*

5.1    By way of answer to paragraph 5.1, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

5.2    (a-g) By way of answer to paragraph 5.2 and subparagraphs 5.2(a-g), Answering Defendant asserts that these paragraphs call for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

5.3    By way of answer to paragraph 5.3, Answering Defendant denies.

5.4    By way of answer to paragraph 5.4, Answering Defendant denies.

5.5    By way of answer to paragraph 5.5, Answering Defendant denies.

5.6    By way of answer to paragraph 5.6, Answering Defendant denies.

5.7    By way of answer to paragraph 5.7, Answering Defendant denies.

5.8    By way of answer to paragraph 5.8, Answering Defendant denies.

5.9    By way of answer to paragraph 5.9, Answering Defendant lacks sufficient information to admit or deny the allegations.  To the extent a response is required, Answering Defendant denies.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

5.10    By way of answer to paragraph 5.10, Answering Defendant asserts that this paragraph does not contain allegations directed at Answering Defendant.  To the extent a response is required, Answering Defendant denies.

5.11    By way of answer to paragraph 5.11, Answering Defendant asserts that this paragraph does not contain allegations directed at Answering Defendant.  To the extent a response is required, Answering Defendant denies.

5.12    By way of answer to paragraph 5.12, Answering Defendant asserts that this paragraph does not contain allegations directed at Answering Defendant.  To the extent a response is required, Answering Defendant denies.

## VI.    UNJUST ENRICHMENT

6.1    By way of answer to paragraph 6.1, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

6.2    By way of answer to paragraph 6.2, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

6.3    By way of answer to paragraph 6.3, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

6.4    By way of answer to paragraph 6.4, Answering Defendant denies.

6.5    By way of answer to paragraph 6.5, Answering Defendant asserts that this paragraph calls for legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant denies.

AVENUE5 RESIDENTIAL, LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES - 7
Case No.:  2:23-cv-00088

LEGAL\62451431\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

1

2

## VII.    VIOLATIONS OF WASHINGTON'S CONSUMER PROTECTION ACT, RCW 19.86, *ET SEQ.*

3

4

5

7.1     By way of answer to paragraph 7.1, Answering Defendant asserts that this paragraph does not contain allegations directed at Answering Defendant.  To the extent a response is required, Answering Defendant denies.

6

7.2     By way of answer to paragraph 7.2, Answering Defendant denies.

7

7.3     By way of answer to paragraph 7.3, Answering Defendant denies.

8

7.4     By way of answer to paragraph 7.4, Answering Defendant denies.

9

7.5     By way of answer to paragraph 7.5, Answering Defendant denies.

10

7.6     By way of answer to paragraph 7.6, Answering Defendant denies.

11

7.7     By way of answer to paragraph 7.7, Answering Defendant denies.

12

7.8     By way of answer to paragraph 7.8, Answering Defendant denies.

13

7.9     By way of answer to paragraph 7.9, Answering Defendant denies.

14

7.10    By way of answer to paragraph 7.10, Answering Defendant denies.

## VIII.   CLASS ALLEGATIONS

15

16

8.1     By way of answer to paragraph 8.1, Answering Defendant denies that there consists a class as described in FRCP 23.

17

18

8.2     By way of answer to paragraph 8.2, Answering Defendant denies that there consists a class as described in FRCP 23.

19

20

8.3     By way of answer to paragraph 8.3, Answering Defendant denies that there consists a class as described in FRCP 23.

21

22

8.4     By way of answer to paragraph 8.4, Answering Defendant denies that there consists a class as described in FRCP 23.

23

24

8.5     By way of answer to paragraph 8.5, Answering Defendant denies that there consists a class as described in FRCP 23.

25

26

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

SUBCLASS A:

8.5.1 By way of answer to paragraph 8.5.1, Answering Defendant denies that there consists a class as described in FRCP 23.

8.6 By way of answer to paragraph 8.6, Answering Defendant denies.

8.7 By way of answer to paragraph 8.7, Answering Defendant denies.

8.8 By way of answer to paragraph 8.8, Answering Defendant denies.

8.9 By way of answer to paragraph 8.9, Answering Defendant denies.

8.10 By way of answer to paragraph 8.10, Answering Defendant denies.

8.11 By way of answer to paragraph 8.11, Answering Defendant denies.

8.12 By way of answer to paragraph 8.12, Answering Defendant denies.

8.13 By way of answer to paragraph 8.13, Answering Defendant denies.

## IX.  DEMAND

9.1 By way of answer to paragraph 9.1, Answering Defendant denies.

9.2 By way of answer to paragraph 9.2, Answering Defendant denies.

9.3 By way of answer to paragraph 9.3, Answering Defendant denies.

9.4 By way of answer to paragraph 9.4, Answering Defendant denies.

9.5 By way of answer to paragraph 9.5, Answering Defendant denies.

9.6 By way of answer to paragraph 9.6, Answering Defendant denies.

9.7 By way of answer to paragraph 9.7, Answering Defendant denies.

9.8 By way of answer to paragraph 9.8, Answering Defendant denies.

9.9 By way of answer to paragraph 9.9, Answering Defendant denies.

## X.  AFFIRMATIVE DEFENSES

Answering Defendant, having not had the opportunity to conduct discovery, raises the following affirmative defenses:

10.1 Plaintiff affirmatively waived their right to join or file a class action lawsuit. Dismissal is required.

AVENUE5 RESIDENTIAL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 9
Case No.: 2:23-cv-00088

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62451431\2

10.2    All prospective members of the class affirmatively waived their right to join a class action lawsuit, therefore no class exists.  Dismissal is required.

10.3    Plaintiff Schultz owes approximately $17,000 in back-rent to Answering Defendant, as well as other charges and costs under the lease, which is not typical of the purported class of plaintiffs.  Plaintiff Schultz is therefore not a proper representative of this purported class of plaintiffs.

10.4    Plaintiff Schultz owes approximately $17,000 in back-rent to Answering Defendant, as well as other charges and costs under the lease, which constitutes an interest which would cause Plaintiff Schultz to not adequately serve in the interests of the purported class.

10.5    Plaintiff's claims are barred in whole or part as a result of compromise, agreement, settlement, and/or account stated.

10.6    Plaintiff, by their conduct, acts, and/or omissions, have ratified conduct, acts, and/or omissions of Defendant, which bar or reduce alleged relief from Defendant.

10.7    Some, or all, of Plaintiff's claims are false and/or frivolous in violation of Washington law, including, but not limited to, RCW 4.84.185, thereby subjecting Plaintiff and/or Plaintiff's agents to liability for actual and reasonable attorneys' fees, costs, and expenses.

10.8    That any alleged violation, of any statute or otherwise, was technical, non-material and/or *de minimis* in nature and therefore does not support a finding of liability or an award of damages or attorneys' fees.

10.9    Defendant alleges that it acted in good faith at all time and in reliance on federal, state, and local statutes, regulations, and/or rules.

10.10   Plaintiff's claims are barred, in whole or in part, to the extent there has been a failure to comply with pertinent duties and obligations, including but not limited to the failure

AVENUE5 RESIDENTIAL, LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES - 10
Case No.:  2:23-cv-00088

LEGAL\62451431\2

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

to comply with conditions and requirements contained in pertinent agreements or contracts, common law, statutory, or otherwise.

10.11  Plaintiff's claims may be barred by the doctrine of accord and satisfaction.

10.12  Plaintiff's claims for exemplary or double damages and/or attorney fees are barred because, among other things, Plaintiff's action is not subject to or fails to meet the requirements of RCW 59.18 *et seq.* or pertinent authority.

10.13  Plaintiff's claims for exemplary or double damages and/or attorney fees are barred because, among other things, Plaintiff's action is not subject to or fails to meet the requirements of RCW 19.86 *et seq.* or pertinent authority.

10.14  Plaintiff's claims are barred because Defendant fully performed all contractual duties as agreed upon.  Further, to the extent that Plaintiff has voluntarily assumed payment or obligation, Defendant has no obligation to Plaintiff.

10.15  Plaintiff has failed to allege that a class exists sufficient to trigger FRCP 23, Washington CR 23, or other similar rule.

10.16  Plaintiff failed to timely or correctly elect their remedies, thus barring or limiting Plaintiff's right to recover from Defendant.

10.17  Plaintiff's claims are barred in whole or part because they have been paid in full and/or pursuant to pertinent agreements.

10.18  Plaintiff's claims are barred in whole or part because they have entered into or agreed to release of said claims.

10.19  Plaintiff has failed to mitigate some or all of their losses and accordingly should be estopped from recovering those losses, which could or should have been mitigated.

10.20  In the event the Plaintiff is entitled to any judgment against Defendant (which is specifically denied), Defendant prays that said judgment be apportioned amongst all tortfeasors, the true identity of said tortfeasors not being fully known at this time.

AVENUE5 RESIDENTIAL, LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES - 11
Case No.:  2:23-cv-00088

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62451431\2

10.21   Any damage, injury, or loss sustained by Plaintiff as alleged in the Complaint is the result of Plaintiff's own negligence, acts, omissions, breaches of contract or other duties of Plaintiff, which must bar and/or mitigate Plaintiff's right to recover herein.

10.22   Defendant is entitled to an offset and/or setoff from any award to Plaintiff herein and/or recovery of money previously paid and/or to be paid to Plaintiff.

10.23   Plaintiff's claims are barred by the doctrines of disclaimer, estoppel, and/or unclean hands.

10.24   Plaintiff's claims are barred by expiration of any or all applicable statues of limitations, statutes of repose, and or laches.

## XI.     DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Answering Defendant Avenue5 Residential LLC prays for the following relief:

1.     That Plaintiff's Complaint be dismissed with prejudice and without costs to Answering Defendant;

2.     That Answering Defendant be awarded judgment against Plaintiff for its defense costs, disbursements and expenses, including reasonable attorneys' fees, incurred in this action;

3.     In the event the Plaintiff is entitled to take any judgment against Answering Defendant, that the amount of said judgment be diminished in accord with the affirmative defenses plead herein; and

4.     For such other relief as the Court may deem just and equitable.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DATED:        April 4, 2023.

COZEN O'CONNOR


By:  _/s/ Robert D. Lee_____
Robert D. Lee, WSBA #46682
Patrick G. Lynch, WSBA #53147
999 Third Avenue, Suite 1900
Seattle, WA 98104
(206) 224-1244
Email: rlee@cozen.com
plynch@cozen.com

*Attorneys for Defendant Avenue5 Residential, LLC*

AVENUE5 RESIDENTIAL, LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES - 13
Case No.:  2:23-cv-00088

LEGAL\62451431\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

1

## CERTIFICATE OF SERVICE

2      The undersigned hereby certifies that on the date below, the foregoing was served on

3   the following individuals in the manner indicated:

4

5   Kirk D. Miller, WSBA #40025                ☐ Via Messenger
    Kirk D. Miller, P.S.                       ☐ Via Fax
6   421 W. Riverside Avenue, Suite 660         ☐ Via U.S. Mail
    Spokane, WA 99201                          ☒ Via ECF Notification
    Tel: (509) 413-1494                        ☒ Via E-mail
7   Email: kmiller@millerlawspokane.com        ☐ Via Overnight Delivery

8   *Attorney for Plaintiff Jennifer Schultz*

9   Shayne Sutherland, WSBA #44593             ☐ Via Messenger
    Cameron Sutherland, PLLC                   ☐ Via Fax
10  421 W. Riverside Avenue, Suite 660         ☐ Via U.S. Mail
    Spokane, WA 99201-0410                     ☒ Via ECF Notification
11  Tel: (509) 315-4507                        ☒ Via E-mail
    Fax: (509) 315-4585                        ☐ Via Overnight Delivery
12  Email: ssutherland@cameronsutherland.com

13  *Attorney for Plaintiff Jennifer Schultz*

14                                             ☐ Via Messenger
                                               ☐ Via Fax
15  Athanasios Papailiou, WSBA #47591          ☐ Via U.S. Mail
    Law Offices of Athan P. Papailiou          ☒ Via ECF Notification
16  218 Henry Avenue                           ☒ Via E-mail
    Yakima, WA 98902                           ☐ Via Overnight Delivery
17  Tel: (206) 712-6022
    Fax: (509) 423-7881
18  Email: ap@athan-law.com

19  *Attorney for Defendant Enjoy! The River, LLC*

20

21      DATED:       April 4, 2023.

22                                      COZEN O'CONNOR

23

24

25                                      Pear Brown, Legal Assistant

26

AVENUE5 RESIDENTIAL, LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES - 14
Case No.:  2:23-cv-00088

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\62451431\2