THE HONORABLE STANLEY A. BASTIAN

Kirk D. Miller, WSBA #40025
KIRK D. MILLER, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 413-1494 Telephone
kmiller@millerlawspokane.com

Shayne J. Sutherland, WSBA #44593
CAMERON SUTHERLAND, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
(509) 315-4507 Telephone
ssutherland@cameronsutherland.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| JENNIFER SCHULTZ, an individual, on behalf of herself and all others similarly situated,<br><br>           Plaintiffs,<br><br>  vs.<br><br>AVENUE5 RESIDENTIAL, LLC, a foreign limited liability company,<br><br>           Defendant. | Case No.: 2:23-cv-00088-SAB<br><br>**AMENDED COMPLAINT FOR DAMAGES**<br><br>**JURY REQUESTED** |

AMENDED COMPLAINT FOR DAMAGES - 1

COMES NOW Plaintiff Jennifer Schultz, on behalf of herself and all others similarly situated, by and through her attorneys, Shayne J. Sutherland of *Cameron Sutherland, PLLC*, and Kirk D. Miller of *Kirk D. Miller, P.S.*, and hereby amends her complaint, alleging the following:

## I. COMPLAINT

1.1 This is an action for damages and remedies against Defendant AVENUE5 RESIDENTIAL LLC ("Avenue5") for its violations of the Washington Residential Landlord-Tenant Act, RCW 59.18, *et seq.*, ("RLTA"), the Washington Consumer Protection Act. RCW 19.86, *et seq.*, and unjust enrichment.

## II. JURISDICTION & VENUE

2.1 This Court has jurisdiction and venue is proper in the U.S. District Court, Eastern Washington, Spokane County, Washington because the Plaintiff lived in Spokane County for all times relevant to the facts of this lawsuit, the rental agreement concerned herein was signed in Spokane County and is for an apartment complex located in Spokane County, and Avenue5 regularly transacts business in Spokane County, Washington.

2.2 Avenue5 is registered to do business, and regularly transacts business, in Washington state.

AMENDED COMPLAINT FOR DAMAGES - 2

2.3 Avenue5 is a citizen of Washington state.

2.4 Plaintiff Jennifer Schultz is a citizen of Washington State.

## III. PARTIES

3.1 At all relevant times, Plaintiff Schultz was a resident of the state of Washington, residing within Spokane County, Washington.

3.2 Avenue5 is a foreign limited liability company that is primarily engaged in the business of managing rental properties in Washington State and elsewhere.

3.3 Avenue5 and its related, parent, and subsidiary corporations are providers of housing and services to residents, property owners, and/or investors in the multifamily real estate industry.

3.4 Avenue5 is the designated representative of the owner, lessor, or sublessor, or an agent, resident manager, or a designated property manager for multiple dwelling units, or properties of which one or more dwelling units are a part, throughout the state of Washington and elsewhere.

3.5 Avenue5 is a "Landlord" as defined by RCW 59.18.030(16).

## IV. FACTS

4.1 On or about January 4, 2021, Ms. Schultz signed a rental agreement for a unit at the River House at the Trail Head ("River House Apartments")

AMENDED COMPLAINT FOR DAMAGES - 3

apartment complex, located on East Mission Parkway in Spokane, Washington.

4.2  The River House Apartments are managed by Avenue5.

4.3  Avenue5's lease agreement and addenda for the River House Apartments consist of more than 70 pages of contract terms.

4.4  The term of Plaintiff Schultz's lease agreement was from January 4, 2021, through March 3, 2022.

4.5  By the terms of her lease, her lease payment of $1,248.26 was due on the first day of each month.

4.6  All tenants of Avenue5 in the state of Washington who are over the age of eighteen are required to sign an identical or nearly identical lease agreement with the same or similar terms as the lease that Ms. Schultz signed.

4.7  All tenants of the River House Apartments in the state of Washington who are over the age of eighteen are required to sign an identical or nearly identical lease agreement with the same or similar lease terms that Ms. Schultz signed.

4.8  RCW 59.18.170 was amended in June of 2020 to provide that a "landlord may not charge a late fee for rent that is paid within five days following its due date. If rent is more than five days past due, the

AMENDED COMPLAINT FOR DAMAGES - 4

        landlord may charge late fees commencing from the first day after the due date until paid."

4.9    RCW 59.18.230 was amended in June of 2020 to prohibit any rental agreement from requiring a tenant "to pay late fees for rent that is paid within five days following its due date."

4.10    Avenue5's standard lease agreement required Ms. Schultz and its other Washington tenants to pay late fees in the amount of $75.00 if they did not make their rental payments by the fifth day of the month.

4.11    Avenue5's standard lease agreement for the River House Apartments required Ms. Schultz and its other Washington tenants to pay late fees in the amount of $75.00 if they did not make their rental payments by the fifth day of the month.

4.12    RCW 59.18.230(2)(c) specifically prohibits any rental agreement from requiring a tenant "to pay the landlord's attorney fees, except as authorized [by the RLTA]."

4.13    Avenue5's standard lease agreement required Ms. Schultz and its other Washington tenants to pay attorney's fees that are not authorized by the RLTA.

AMENDED COMPLAINT FOR DAMAGES - 5

4.14  Avenue5's standard lease agreement for the River House Apartments required Ms. Schultz and its other Washington tenants to pay attorney's fees that are not authorized by the RLTA.

4.15  Avenue5's standard lease agreement includes the following term: "Unless a party is seeking exemplary, punitive, sentimental or personal injury damages, the prevailing party may recover from the non-prevailing party reasonable attorney's fees and all other litigation costs. The Owner shall be deemed to be the prevailing party if the action voluntarily is halted by the Owner prior to judgment, or if the case is not filed, prior to filing, on the basis that the Owner accepted from the Resident all or part of the amounts alleged to be owing, or on the basis that the Resident vacated the rental unit. Late charges are liquidated damages for our time, inconvenience, and overhead in collecting late rent (but are not for attorney's fees and litigation costs). All unpaid amounts bear 12% interest per year from the due date, compounded annually. You must pay all collection agency fees if you fail to pay all sums due within 10 days after we mail you a letter demanding payment and stating that collection agency fees will be added if you don't pay all sums by that deadline."

AMENDED COMPLAINT FOR DAMAGES - 6

4.16 Avenue5's standard lease agreement required Ms. Schultz and its other Washington tenants to pay $25.00 as a service fee for each and every notice served under RCW 59.12, *et seq.*, (Washington's Unlawful Detainer Chapter).

4.17 Avenue5's standard lease agreement for the River House Apartments required Ms. Schultz and its other Washington tenants to pay $25.00 as a service fee for each and every notice served under RCW 59.12, *et seq.*

4.18 Neither RCW 59.18, *et seq.*, nor RCW 59.12, *et seq.*, allow a landlord to unilaterally charge tenants for notices associated with Washington's unlawful detainer process.

4.19 Avenue5's standard lease agreement for the River House Apartments required Ms. Schultz and its other Washington tenants to pay the $25.00 service fee as "additional rent."

4.20 The standard lease agreement stated that the service fee "shall be payable as additional rent with any other monies owed within the time frame specified on the current notice that were served or the resident will be considered in default of the Lease Contract and the Owner shall proceed with legal action."

AMENDED COMPLAINT FOR DAMAGES - 7

4.21 RCW 59.18.283(2) provides that a "tenant's right to possession of the premises may not be conditioned on a tenant's payment or satisfaction of any monetary amount other than rent."

4.22 RCW 59.18.030(3) defines "rent" as the "recurring and periodic charges identified in the rental agreement for the use and occupancy of the premises, which may include charges for utilities. Except as provided in RCW 59.18.283(3), these terms do not include nonrecurring charges for costs incurred due to late payment, damages, deposits, legal costs, or other fees, including attorneys' fees."

4.23 Avenue5's standard lease agreement required Ms. Schultz and its other Washington tenants to pay $1.00 per month for Pest Control Services.

4.24 Avenue5's standard lease agreement for the River House Apartments required Ms. Schultz and its other Washington tenants to pay $1.00 per month for Pest Control Services.

4.25 RCW 59.18.060(4) states that it is the landlord's duty to "[p]rovide a reasonable program for the control of infestation by insects, rodents, and other pests at the initiation of the tenancy and, except in the case of a single-family residence, control infestation during tenancy except where such infestation is caused by the tenant."

AMENDED COMPLAINT FOR DAMAGES - 8

4.26 Avenue5's standard lease signed by Ms. Schultz, and multiple others signed by their Washington tenants, contained a "Construction Addendum." The Addendum included a Release which required Ms. Schultz and their other Washington tenants to release, indemnify, and hold harmless the "Owner, River House at the Trailhead and their respective agents employees officers directors, partners successors and assigns (collectively referred to as the "Released Parties") from and against any and all costs, expenses (including attorneys' fees), claims, rights and causes of action including, but not limited to, such costs, expenses, claims, rights and causes of action relating to any personal, bodily or property damage or injury relating to, arising out of or connected with construction at the Apartments. Resident expressly acknowledges and agrees that Resident is renting the Unit with full knowledge of such construction activity and that the construction activity shall not constitute any default or breach by Owner of the Lease or of Resident's right to use the Unit, any amenities or common areas of the Apartments nor shall such construction activity entitle Resident to any concessions including termination of the Lease or recovery of damages from Owner or any other Released Parties."

AMENDED COMPLAINT FOR DAMAGES - 9

4.27   Avenue5's standard lease agreement required Ms. Schultz and its other Washington tenants to sign a class action waiver waiving any right or ability to bring, represent, join or otherwise maintain a Class Action or similar proceeding against Avenue5 or its agents in any forum.

4.28   RCW 59.18.230(b)(2)(d) prohibits any rental agreement from requiring tenants to agree to "the exculpation or limitation of any liability of the landlord arising under law or to indemnify the landlord for the liability or the costs connected therewith."

4.29   Avenue5 deliberately or knowingly included the illegal lease provisions addressed above, and others, that it knew or should have known were illegal in its standard lease agreements with Ms. Schultz and other Washington tenants.

### V. VIOLATIONS OF WASHINGTON'S RESIDENTIAL LANDLORD-TENANT ACT (RLTA), RCW 59.18, *ET SEQ*.

5.1   RCW 59.18.230 prohibits landlords from including certain provisions in its lease agreements with its tenants.

5.2   As currently written, the statute prohibits any provisions that require a tenant to:

(a) waive or to forgo rights or remedies under this chapter; or

(b) confess judgment on a claim arising out of the rental agreement; or

AMENDED COMPLAINT FOR DAMAGES - 10

        (c) pay the landlord's attorneys' fees, except as authorized in this chapter; or

        (d) agree to the exculpation or limitation of any liability of the landlord arising under law or to indemnify the landlord for that liability or the costs connected therewith; or

        (e) agree to a particular arbitrator at the time the rental agreement is entered into; or

        (f) agree to pay late fees for rent that is paid within five days following its due date. or

        (g) agree to make rent payments through electronic means only.

5.3    Avenue5's illegal lease provisions are void and unenforceable.

5.4    Avenue5 intentionally and/or knowingly included illegal lease provisions set forth in this Complaint, and others, that it knew or should have known were illegal in its standard lease agreements with Ms. Schultz and its other Washington tenants.

5.5    Due to these violations, Avenue5 is liable for actual damages and statutory damages not to exceed two times the monthly rent per each unit, plus reasonable attorney's fees and costs.

5.6    Avenue5 has required more than one hundred (100) Washington tenants to sign lease agreements containing at least one of the illegal

AMENDED COMPLAINT FOR DAMAGES - 11

lease provisions described in paragraph 5.2 above in the three (3) years preceding the filing of this action.

5.7  Avenue5 has required more than one thousand (1,000) Washington tenants to sign lease agreements containing at least one of the illegal lease provisions described in paragraph 5.2 above in the three (3) years preceding the filing of this action.

5.8  Avenue5 has required more than ten thousand (10,000) Washington tenants to sign lease agreements containing at least one of the illegal lease provisions described in paragraph 5.2 above in the three (3) years preceding the filing of this action.

## VI. UNJUST ENRICHMENT

6.1  Avenue5 was prohibited from charging Plaintiff or any of its Washington tenants, except for those residing in single-family dwellings, a fee for pest control.

6.2  Avenue5 was prohibited from charging Plaintiff or any of its Washington tenants, late fees before five (5) days had passed from the rent due date.

6.3  Avenue5 was prohibited from charging Plaintiff or any of its Washington tenants fees for notices issued pursuant to RCW 59.12, *et seq.*, or RCW 59.18, *et seq*.

AMENDED COMPLAINT FOR DAMAGES - 12

6.4 Avenue5 was prohibited from charging Plaintiff or any of its Washington tenants, fees for notices issued pursuant to RCW 59.12, *et seq.*, or RCW 59.18, *et seq.*, as additional rent.

6.5 Avenue5 was prohibited from charging Plaintiff or any of its Washington tenants attorney's fees and litigation costs not authorized by RCW 59.18, *et seq.*

6.6 Avenue5 was unjustly enriched by receiving payment from tenants for pest control, late fees, notices issued under issued pursuant to RCW 59.12, *et seq.*, or RCW 59.18, *et seq.*, and attorney's fees and litigation costs not allowed by the RLTA.

6.7 It is unjust for Avenue5 to be allowed to retain payments they received through illegal charges imposed upon its tenants.

### VII. VIOLATIONS OF WASHINGTON'S CONSUMER PROTECTION ACT, RCW 19.86, *ET SEQ.*

7.1 In addition to, or in the alternative, Plaintiff pleads the following violations of the Consumer Protection Act (CPA).

7.2 Avenue5, through its conduct, has engaged in unfair or deceptive acts or practices in trade or commerce in violation of the CPA, RCW 19.86, *et seq.*

AMENDED COMPLAINT FOR DAMAGES - 13

7.3   Avenue5's imposition of fees for pest control constitutes unfair or deceptive conduct.

7.4   Avenue5's imposition of fees for notices served in relation to the RLTA and/or RCW 59.12, *et seq.*, constitutes unfair or deceptive conduct.

7.5   Avenue5's charging of fees for notices served in relation to the RLTA and/or RCW 59.12, *et seq.*, as additional rent constitutes unfair or deceptive conduct.

7.6   Avenue5's imposition of attorney's fees and litigation costs against its tenants/former tenants not allowed under the RLTA constitutes unfair or deceptive conduct.

7.7   Avenue5's practice of requiring its tenants to sign provisions that could exculpate or limit its liability arising under the RLTA and/or other laws constitutes unfair or deceptive conduct.

7.8   Avenue5's practice of requiring its tenants to sign class action waivers constitutes unfair or deceptive conduct.

7.9   Avenue5's inclusion of illegal provisions within its lease agreements, with or without intention, constitutes unfair or deceptive conduct.

7.10  Avenue5's conduct has caused substantial injury to the Plaintiff and the putative class in their business and property.

AMENDED COMPLAINT FOR DAMAGES - 14

7.11  Avenue5's conduct injured, and/or had the capacity, and/or has the capacity to injure other persons and impacts the public interest.

7.12  Through its conduct in violation of the CPA, Avenue5 is liable for causing economic and non-economic damages to the Plaintiff and the putative class in an amount to be proven at trial.

7.13  Avenue5's actions committed in violation of its legal obligations warrant exemplary damages as provided by RCW 19.86.090.

7.14  As a result of these violations and damages, and pursuant to RCW 19.86.090, the Plaintiff is entitled to an award of costs and attorneys' fees incurred in bringing this action before the Court.

## VIII. CLASS ALLEGATIONS

This action is brought on behalf of a class consisting of:

FOR ALL CLASS MEMBERS:

8.1  All persons;

8.2  Who rented any property in Washington State;

8.3  Where the rental property, was owned or managed by Avenue5, or where Avenue5 was a "landlord" of the property, as defined by RCW 59.18.030(16);

8.4  Who signed any lease agreement with the Avenue5;

AMENDED COMPLAINT FOR DAMAGES - 15

8.5  Where the lease agreement contained provisions prohibited by the RLTA.

SUBCLASS A:

8.5.1 Who were required to pay any amounts out-of-pocket for late fees imposed before five days had passed since the rent was due, for pest control charges (excluding those in a single-family dwelling), for a service fee imposed for notice served under RCW 59.12, *et seq.*, or RCW 59.18, *et seq.*, and/or for attorney's fees and costs that were not allowed under the RLTA.

8.6  Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

8.7  Plaintiff will fairly and adequately represent the interests of the class members. She is committed to vigorously litigating this matter.

8.8  Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

8.9  A class action is a superior method for the fair and efficient adjudication of this controversy.

8.10 Class-wide damages are essential to induce Avenue5 to comply with the law.

AMENDED COMPLAINT FOR DAMAGES - 16

8.11 The interests of the class members in individually controlling the presentation of separate claims against the Avenue5 is small, because the amount of damages recoverable in an individual case is relatively small.

8.12 Certification of a class pursuant to Fed. R. Civ. Pro 23(b)(3) is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the amount of available damages for many of the class members may be relatively small. In the absence of a class action, a failure of justice will result.

8.13 Certification of a class pursuant to CR 23(b)(2) is also appropriate. Avenue5 acted on grounds generally applicable to the class, making declaratory relief appropriate with respect to the class as a whole.

## IX. DEMAND

WHEREFORE, Plaintiff and the class demand judgment as follows:

9.1 Actual damages in the amount paid for charges or fees otherwise prohibited by law.

AMENDED COMPLAINT FOR DAMAGES - 17

9.2  Statutory damages of five-hundred dollars ($500) or two times the monthly rent per unit, depending on the period of the violation, per prospective tenant, pursuant to RCW 59.18.230;

9.3  Treble damages pursuant to RCW 19.86.090;

9.4  Costs and reasonable attorney's fees pursuant to RCW 59.18.230 and/or RCW 19.86,090, and/or any other applicable statute;

9.5  Pre-judgment interest on all amounts paid by tenants for illegal charges or fees;

9.6  Post-judgment interest;

9.7  Declaratory judgment that Avenue5's illegal lease provisions are void and unenforceable and their practices violate Washington's RLTA and/or the CPA;

9.8  Injunctive relief requiring Avenue5 to cease use of lease agreements containing illegal lease provisions; and

9.9  Such other and further relief as may be just and proper.

DATED this ____ day of January, 2024.

                CAMERON SUTHERLAND, PLLC

                s/ *Shayne J. Sutherland*
                Shayne J. Sutherland, WSBA #44593
                Attorney for Plaintiff

AMENDED COMPLAINT FOR DAMAGES - 18

KIRK D. MILLER, P.S.

s/ *Kirk D. Miller*
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

AMENDED COMPLAINT FOR DAMAGES - 19

# CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the ____ day of January 2024, I electronically filed, through the CM/ECF filing portal, the foregoing document, who will then serve the same upon:

| | |
|---|---|
| Kirk D. Miller<br>Attorney for Plaintiff | kmiller@millerlawspokane.com |
| Shayne J. Sutherland<br>Attorney for Plaintiff | ssutherland@cameronsutherland.com |
| Robert D. Lee<br>Attorney for Defendant Avcenue5 | rlee@cozen.com |
| Patrick Lynch<br>Attorney for Defendant Avenue5 | plynch@cozen.com |
| Rohan Mohanty<br>Attorney for Defendant Avenue5 | rmohanty@cozen.com |

_____
Bonnie J. Morey, Legal Assistant

AMENDED COMPLAINT FOR DAMAGES - 20