THE HONORABLE STANLEY A. BASTIAN

Shayne J. Sutherland, WSBA #44593
CAMERON SUTHERLAND, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
(509) 315-4507 Telephone
ssutherland@cameronsutherland.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| JENNIFER SCHULTZ, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVENUE5 RESIDENTIAL, LLC, a foreign limited liability company,<br><br>Defendant. | Case No.: 2:23-cv-00088-SAB<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**07/08/2024**<br>**Without Oral Argument** |

///

///

///

PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT - Page 1

## I. BACKGROUND

On March 3, 2023, this putative class action was removed to the United States District Court for the Eastern District of Washington pursuant to the Class Action Fairness Act ("CAFA"). (ECF No. 1). A scheduling order was issued on June 6, 2023, setting forth deadlines, with the expectation that class discovery would be conducted. (ECF No. 12). In January of 2024 the Court entered an Order based on the parties' stipulated motion to extend class certification motion dates to allow Defendant Avenue5 more time to produce discovery regarding the class issues. (ECF Nos. 15, 19). At the same time, the Court also granted the parties' stipulated motion for Plaintiff Jennifer Schultz to file her First Amended Complaint, which sought to clarify some of the allegations and assertions made in the original state court complaint. (ECF Nos. 16, 18).

On April 29, 2024, the parties again stipulated to amend the deadline for the Plaintiff's class certification motion, due to Avenue5 needing more time to analyze and produce pertinent class discovery documents and answers. (ECF No. 23). The Court granted the motion on April 30, 2024, with Plaintiff's initiating class certification motion now due on or before September 30, 2024. (ECF No. 24).

Now, Plaintiff requests the Court allow her to file a Second Amended Complaint. The proposed Second Amended Complaint seeks to add two additional

PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT - Page 2

class representatives, Emily and Alan Picheta. The additional class representatives possess the same claims as the current class representative, Jennifer Schultz, and with the filing, no additional claims beyond those alleged by Ms. Schultz (violations of RCW 59.18.230) will be raised. (ECF No. 29, ¶ 4). Furthermore, the lease clauses alleged to be illegal by the Pichetas are identical or very similar to those present in Ms. Schultz's lease. (ECF No. 29, ¶ 4, ¶ 7, Ex. A). Finally, no additional class discovery is anticipated to be sought by the proposed additional class representatives, and to date, no responses have been provided by Avenue5 to the initial discovery sent in this matter. (ECF No. 29, ¶¶ 5, 6). Unable to secure Avenue5's stipulation to the filing, this motion follows.

## II. ARGUMENT

Fed. R. Civ. P. 15(a)(2) states in relevant part:

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The Court has very broad discretion in granting amendments to a Complaint. The court rule makes clear that amendments shall be freely given if in the interests of justice. Indeed, the United States Supreme Court has found:

> Outright refusal (by a court) to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is

PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT - Page 3

        merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (cited in Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 2d §1484).

Rule 21, similarly, provides that "[t]he court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The liberality in granting leave to amend is subject to the qualifications that amendment of the complaint: (1) does not cause the opposing party undue prejudice; (2) is not sought in bad faith; and (3) does not constitute an exercise in futility. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Of these factors, prejudice to the opposing party is the most critical. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990), The burden is on the party opposing amendment to make that showing. *DCD Programs*, 833 F.2d at 187.

Furthermore, "[i]n the Ninth Circuit, an amendment adding a party plaintiff relates back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *Immigrant Assistance Project of Los Angeles Cnty. Fed'n of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 857 (9th Cir. 2002).

PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT - Page 4

The proposed Second Amended Complaint, a copy of which is attached to the Declaration filed in support of the motion filed, advances only the claims that were brought from the outset—claims that Avenue5 violated RCW 59.18.230 for the inclusion of illegal lease provisions within its residential tenant leases. (ECF No. 29, ¶ 4, ¶ 7, Ex. A). The lease clauses alleged to be illegal by the two additional class representatives, the Pichetas, are identical or very similar to those present in Ms. Schultz's lease. (ECF No. 29, ¶ 4).

There is no discernable prejudice to Avenue5 as though it has diligently been attempting to produce discovery responsive to Plaintiff's original requests focused on the class allegation, it has not yet to produce any of those documents or answers. (ECF No. 29, ¶ 5). Furthermore, no additional discovery is expected to be sought by the new proposed class plaintiffs. (ECF No. 29, ¶ 6). Accordingly, the Plaintiff's motion should be granted.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff requests the Court to grant her Motion for Leave to File the Second Amended Complaint in this action.

DATED this 5th day of June 2024.

1  CAMERON SUTHERLAND, PLLC

2  s/Shayne J. Sutherland
   Shayne J. Sutherland, WSBA #44593
3  *Attorney for Plaintiff*

PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT - Page 6

## CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June, 2024, I electronically filed, through the CM/ECF filing portal, the foregoing document, who will then serve the same upon:

Shayne J. Sutherland                ssutherland@cameronsutherland.com
Attorney for Plaintiff

Robert D. Lee                       rlee@cozen.com
Attorney for Defendant Avenue5

Rohan Mohanty
Attorney for Defendant Avenue5      rmohanty@cozen.com


                          s/ Shayne Sutherland
                          Shayne J. Sutherland, WSBA#44593

PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT - Page 7