THE HONORABLE STANLEY A. BASTIAN

ROBERT D. LEE, WSBA #46682
ROHAN MOHANTY (*Pro Hac Vice*)
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA 98101
(206) 340-1000
RLee@Cozen.com
RMohanty@Cozen.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER SCHULTZ, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVENUE5 RESIDENTIAL LLC, a foreign limited liability company,<br><br>Defendant. | Case No. 2:23-CV-00088<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**Oral Argument Requested** |

Defendant, Avenue5 Residential LLC ("Defendant" or "Avenue5") respectfully requests that Plaintiff's Motion for Leave to File a Second Amended Complaint be denied because the amendments seek to improperly extend the temporal scope of the case, compel Defendant to undergo a needless, expensive, and unduly burdensome renewal of the discovery process – requiring a complete reboot of the document retrieval process –, and defend against a substantially

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 1
[NO. 2:23-CV-00088]
LEGAL\71266039\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

different set of claims, more than a year and a half after initiation of this suit. Plaintiff's delay in seeking leave to amend cannot be justified as the proposed amendments to the Complaint concern the addition of parties whose presence and allegations were well in existence prior to the filing of both Plaintiff's original Complaint and First Amended Complaint.  Plaintiff's belated attempt to expand the class definition and scope of the case toward the tail end of the class discovery schedule flies in the face of procedural economy and fairness, and is extremely prejudicial as it places an undue burden on Defendant, whose extensive and costly preparations have been based on the parameters of the case as established in Plaintiff's previous Complaints.

## I.    BACKGROUND

Plaintiff, Jennifer Schultz ("Schultz"), initiated this action in the Superior Court for Spokane County on January 3, 2023.  The case was properly removed to this Court on March 30, 2023.  Following initial disclosures, which were exchanged before a hearing held on June 6, 2023, the Court issued a Putative Class Scheduling Order that established key deadlines for class certification briefing. (ECF No. 12).

During the class discovery phase, which is currently ongoing, both parties exchanged documents, including those provided by Defendant regarding Plaintiff

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 2
[NO. 2:23-CV-00088]
LEGAL\71266039\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Schultz. Recognizing the substantial volume and complexity of the discovery requested by Plaintiff—*encompassing over 1 terabyte of information* and the technical challenges associated with transferring such data from document custodians to e-discovery vendors—the parties agreed to, and filed a Stipulated Motion to Amend the Putative Class Action Scheduling Order on January 5, 2024, citing good cause. (ECF No. 15). This resulted in revised deadlines: Plaintiff's class certification motion was rescheduled to be due by April 30, 2024; Defendant's response to June 1, 2024; and Plaintiff's reply to June 15, 2024. (ECF No. 19). Additionally, a contemporaneously filed Stipulated Motion for Leave to Amend the Complaint was granted on January 8, 2024, allowing Plaintiff to amend her original Complaint and clarify certain claims. (ECF No. 16).

Given the extensive amount of time needed to review, process, and organize the large volume of discovery, a second Stipulated Motion to Amend the Scheduling Order was filed on April 29, 2024. (ECF No. 23). This led to the current Second Amended Scheduling Order that extended the deadlines for the Motion for Class Certification to September 30, 2024, Defendant's response to November 1, 2024, and Plaintiff's reply to November 15, 2024. (ECF No. 24).

It was not until June 5, 2024, that Plaintiff filed her Motion for Leave to Amend the Complaint, seeking to add Emily and Alan Picheta (collectively "the

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 3
[NO. 2:23-CV-00088]
LEGAL\71266039\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Pichetas") as additional class representatives. (ECF No. 28). Plaintiff asserts that adding the Pichetas would not introduce any new claims beyond those already raised by Schultz, with lease clauses that are either identical or very similar. *Id.* at 3, 5. Furthermore, Plaintiff states that no additional class discovery would be required. *Id.* Both of Plaintiff's statements are inaccurate. Notably, the Picheta's lease agreement in the proposed Second Amended Complaint is for Pine Valley Ranch Apartments on January 3, 2024, *a different property and time period* from Plaintiff Schultz, who had her lease from January 4, 2021, to March 3, 2022. *Id.* at Ex. A, ¶4.2; a true and correct copy of the Picheta's January 3, 2024 rental agreement is attached hereto as Exhibit "A".

## II.　ARGUMENT

### A.　Legal Standard

A motion for leave to amend pleadings falls within the sound discretion of the court and must be decided upon facts and circumstances of each particular case. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). In assessing the propriety of granting leave to amend, district courts within the Ninth Circuit consider five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011)

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 4
[NO. 2:23-CV-00088]
LEGAL\71266039\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

(internal citations omitted). Under FRCP 15, a motion for leave to amend should be denied where there is "strong evidence of undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Crossland v. WideOrbit, Inc.*, 2019 U.S. Dist. LEXIS 42814, at *2 (W.D. Wash. Mar. 15, 2019) (*quoting Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013)). Prejudice to the opposing party is the strongest factor weighing against allowing amendment of a pleading. *Eminence Capitol, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.    Defendant Will Suffer Prejudice**

Permitting Plaintiff to add the Pichetas as named plaintiffs will unjustly prejudice Avenue5 by expanding the scope of time at issue, requiring significant additional discovery, and forcing Avenue5 to defend against distinct sets of claims not previously alleged by the Plaintiff in her prior Complaints at a time when it has already spent over a year engaged in discovery at great cost.

i.    <u>The Proposed Second Amended Complaint Aims to Expand the Scope of this Matter</u>

Plaintiff's proposed inclusion of the Pichetas as named plaintiffs seeks to expand the temporal scope of this case by approximately two years. The Pichetas

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 5
[NO. 2:23-CV-00088]
LEGAL\71266039\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

have been parties to leases administered by Avenue5 since at least 2022[1], and presumably already fall within the scope of the class proposed in Plaintiff's First Amended Complaint. A true and correct copy of the Picheta's 2022 rental agreement is attached hereto as Exhibit "B". Plaintiff's proposed Second Amended Complaint, however, only contains allegations regarding the Pichetas' rental agreement dated January 3, 2024. Plaintiff's counsel is attempting to expand the class to now include potential class members that did not fall within the scope of the First Amended Complaint, which only included allegations regarding Schultz's lease from the time period of January 4, 2021 to March 3, 2022. This attempted expansion of the class to include an entirely new set of class members significantly alters the landscape of the claims at issue, requiring a significant reassessment of defenses and strategies by the Defendant. Such a drastic expansion, occurring over a year and a half after this case was initially brought, and at the precipice of the class certification deadline in approximately three months, is unduly prejudicial. *See e.g., Wilson v. PTT, LLC*, 2020 WL 1675909, at *2 (W.D. Wash. April 6, 2020) (denying leave to amend where "the deadline to

---

[1] Alan Picheta is a former Avenue5 employee who had a substantially discounted occupancy fee in 2022 – 2023, by virtue of his employment with Avenue5.

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 6
[NO. 2:23-CV-00088]
LEGAL\71266039\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

certify a class [was] fast approaching"). In fact, faced with an analogous three month span until the class certification deadline and a request for leave to amend a complaint, a sister court in the Northern District of California denied a similar request to add a newly named plaintiff in a proposed class action. *Roling v. E*Trade Securities LLC*, 279 F.R.D. 522, 526 (N.D. Cal. 2012) ("adding [proposed plaintiff] … on the eve of the motion for class certification will inevitably delay hearing and resolution on that motion for months and disrupt the case management schedule"). Plaintiff's last-minute attempt to add new plaintiffs and expand the scope of this matter here, should also be denied.

>   ii. <u>Adding the Pichetas Will Require Avenue5 to Conduct Significant Additional Discovery</u>

Allowing amendment of the pleadings to include the proposed Second Amended Complaint, and thereby significantly expanding the scope of this matter, will also necessitate substantial additional discovery, requiring Avenue5 to reengage in what has already been a lengthy and expensive process. Plaintiff propounded written discovery and document demands upon Avenue5 on or around July 24, 2023. A true and correct copy of Plaintiff's Interrogatories and Requests for Production of Documents to Avenue5 is attached hereto as Exhibit "C". Plaintiff's Requests for Production of Documents, demand, among other things:

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 7
[NO. 2:23-CV-00088]
LEGAL\71266039\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

> "all internal communications and communications sent to person or entities contracted with you for property management services, which in any way reference the inclusion or exclusion of standard lease provisions in your lease agreements for six (6) years preceding the filing of this Complaint to the present date." *Id.* at p.22;
>
> "every version of your standard form lease agreements used at residential rental properties owned or managed by you in the State of Washington used for the time period of four (4) years preceding the filing of this Complaint against you to the present date." *Id.* at p.27; and
>
> "a spreadsheet, in sortable format, such as excel, containing the name, address, email address, telephone number, date of tenancy of every tenant, former tenant, and/or cosigners for every tenant and former tenant responsive to interrogatory numbers 4, 6, 8, 10, 12, 16, and/or 17, and identify which interrogatory each tenant, former tenant, and/or cosigner identified is responsive to." *Id.* at p.28.

The inclusion of the Pichetas, and their lease dated January 3, 2024, will likely lead Plaintiff's counsel to expand the scope of its discovery requests, at minimum, by at least six months (i.e. the time period between the service of discovery and the Picheta's January 3, 2024 lease). Accordingly, Avenue5 will have to conduct additional record searches to respond to discovery and the Picheta's claims, a task that has already taken significant time due to the sheer

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 8
[NO. 2:23-CV-00088]
LEGAL\71266039\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

volume of the information requested by Plaintiff's counsel. [2] *See* (ECF Nos. 15 and 23); *see e.g., Wilson*, 2020 WL 1675909, at *2 (party opposing amendment would be prejudiced because amendment of the complaint would compel the opposing party to expend additional time and resources on new discovery related to the proposed, newly named plaintiff). This additional discovery will impose considerable time and financial burdens on Avenue5. The Court should not condone such burdensome tactics when Plaintiff's delay is unjustified and avoidable.

---

[2] For frame of reference regarding the significance of this expansion, the discovery previously sought has produced over a terabyte of information. Plaintiffs are seeking to add at least six more months of data and information. Based on the volume of data retrieved to respond to Plaintiff's initial discovery requests, an additional six months of information for discovery amounts to roughly 125 gigabytes of data that Avenue5 will need to acquire from its document custodian – a costly and time-consuming process that will almost certainly require a significant extension of the current class schedule.

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 9
[NO. 2:23-CV-00088]
LEGAL\71266039\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

      iii.    <u>The Inclusion of the Pichetas and Their Claims Will Require Avenue5 to Prepare Different Defenses for Different Legal Claims</u>

Finally, the Pichetas' January 3, 2024 lease is, despite Plaintiff's averments, significantly dissimilar to the lease of Plaintiff Schultz. In fact, only two of the six lease provisions at issue in this matter are identical between Schultz and the Pichetas. The potential claims of the Pichetas, therefore, differ from those of Plaintiff Schultz. Permitting Plaintiff's proposed amendment of the Complaint will unjustly require Avenue5 to prepare multiple defenses against separate sets of facts and legal issues that it could not have prepared for until the proposed amendment. This fragmented approach to class representation unfairly prejudices Avenue5 by forcing it to mount multiple, disparate defenses. Given the dissimilarity of the legal claims between Schultz and the Pichetas, Plaintiff should not be granted leave to file the proposed Second Amended Complaint.

**C.**    **Undue Delay**

As discussed above, the Pichetas have been potential class members since at least 2022 by way of their tenancy under a lease administered by Avenue5 in the State of Washington. That the Pichetas have been potentially eligible for inclusion in this case from the inception of the litigation, yet inexplicably failed to be included until this point is unjustifiable. This is especially true where, as here,

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 10
[NO. 2:23-CV-00088]
LEGAL\71266039\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Plaintiff was already afforded the opportunity by Defendant to amend the Complaint some six months ago on or about January 8, 2024. (ECF No. 16); *see Chodos*, 292 F.3d at 1003 (9th Cir. 2002) (a district court's discretion to deny leave to amend a complaint is "particularly broad" where the court has already permitted an amendment). Indeed, Plaintiff has provided no reason why the Pichetas inclusion as named plaintiffs at this late stage is necessary. *See Benana v. Healthy Paws Pet Insurance LLC*, 2023 WL 5227702, at *4 (W.D. Wash. Aug. 15, 2023) (denying amendment of a class complaint to include an additional class member where a named plaintiff already existed and plaintiff did not have a reason for requesting to add another similarly situated plaintiff). This litigation has proceeded through substantial preparation for class certification and Avenue5 has incurred significant costs associated with its defense. Plaintiff has provided no justification to add the Pichetas at this stage and doing so, where Plaintiff has once already amended the Complaint, would needlessly extend the requisite time for class certification discovery and briefing.

    In sum, the addition of the Pichetas as named plaintiffs will result in further motion practice, additional continuance of the case schedule, strains on judicial resources, and ultimately cause significantly increased costs of litigation to

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 11
[NO. 2:23-CV-00088]
LEGAL\71266039\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Avenue5's detriment. Accordingly, the amendment naming the Pichetas as plaintiffs should be rejected.

### III. CONCLUSION

For the reasons stated above, Avenue5 respectfully requests that Plaintiff's Motion for Leave to File a Second Amended Complaint be denied in its entirety.

DATED THIS June 20, 2024

*/s/ Robert D. Lee*
Robert D. Lee, WSBA #46682
Rohan Mohanty (*pro hac*)

*Attorneys for Defendant*

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 12
[NO. 2:23-CV-00088]
LEGAL\71266039\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record as follows:

| | |
|---|---|
| Shayne Sutherland, WSBA #44593<br>ssutherland@cameronsutherland.com<br><br>*Attorneys for Plaintiff* | *Via CM/ECF System* |

DATED: June 20, 2024.

                                            */s/ Anissa Cabe*
                                            Anissa Cabe, Legal Practice Assistant
                                            acabe@cozen.com

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 13
[NO. 2:23-CV-00088]
LEGAL\71266039\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000