# EXHIBIT C

Kirk D. Miller, WSBA #40025
KIRK D. MILLER, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA  99201
(509) 413-1494 Telephone
kmiller@millerlawspokane.com

Shayne J. Sutherland, WSBA #44593
CAMERON SUTHERLAND, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 315-4507 Telephone
ssutherland@cameronsutherland.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| JENNIFER SCHULTZ, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AVENUE5 RESIDENTIAL, LLC, a foreign limited liability company,<br><br>Defendant. | Case No.: 2:23-cv-00088 SAB<br><br>**PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** |

**TO:   AVENUE5 RESIDENTIAL LLC, Defendant; and**
**TO:   ROBERT D. LEE and PATRICK LYNCH of COZEN O'CONNOR P.C.,**
       **Attorneys for Defendant**

PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 1

Pursuant to the Federal Rules of Civil Procedure (FRCP 26, 33-34), Plaintiff, by and through her undersigned counsel, hereby request that Defendant respond to the following interrogatories and requests for production. The following interrogatories and requests for production are to be answered and responded to separately and fully under oath within thirty (30) days from the date of service upon you.

## INSTRUCTIONS

A. Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is a failure to answer.

B. If any answer is qualified, state specifically the terms of each qualification and the reasons for it. If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

C. The document requests herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the document request. All electronic documents shall be produced in native

format or .pdf together with their metadata. Regardless of whether the document's origin (electronic or paper), all documents must be produced as separate files, or in the case of a single .pdf, with page breaks sufficient to identify the division between documents. The following instructions provide additional detail about the form of production:

a. **Metadata.** The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software, together with all associated metadata.

b. **Form of Production.** All documents to be produced will initially be converted to a paginated version as a searchable "PDF" ("Paginated Document") as provided in this section, except as otherwise requested or by agreement of the parties.

c. **Initial Production of ESI.** Unless otherwise demanded, in writing, by the requesting party, Electronically Stored Information ("ESI") shall be initially produced electronically to the requesting party as searchable "PDF" image files. Each native format file shall be converted to static images and each page thereof saved as a single-page searchable PDF image that reflects how the source document would have appeared when printed from a computer viewing the file. Multiple pages from the same native format source file will be grouped together in a single PDF file (e.g., a multipage Word format "DOCX" file will be produced as a single multipage PDF file). If a document consists of more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image files (i.e., multipage documents shall be presented as multipage documents and e-mails and their attachments should be presented as sequential files). Produced PDFs will be in the form of one PDF file per document, multi-page as applicable (Produced PDFs). A PDF produced as a Paginated Document will not be encrypted, or otherwise include settings to impair searchability, copying or printing. Embedded images will not be reduced to below 300 dpi. Each of the

Produced PDF files will be accompanied with a corresponding text file containing extracted or OCR text. The requesting party reserves the right to issue a supplemental request for native form ESI for any ESI not initially produced in native form.

d. **Production of Physical Documents.** Documents or records which either were originally generated or instantiated as ESI but now only exist in physical or corporeal hard-copy format, or documents or records that were originally generated in hard-copy format, shall be converted to a single-page or multi-page searchable PDF files corresponding as closely as possible to its original format and produced following the same protocols set forth herein or otherwise agreed to by the parties (e.g., a 5 page hard-copy memo would be produced a single, bates-stamped searchable PDF file). All Produced PDFs generated from hard copy documents shall be scanned at 300 dpi resolution.

e. **Bates Numbering and Other Unique Identifiers.** For files not produced in their native format, each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the PDF image in such a manner that information from the source document is not obliterated, concealed, or interfered with. There shall be no other legend or stamp placed on the document image unless a document qualifies for confidential treatment pursuant to the terms of a protective order entered by this Court in this litigation or has been redacted in accordance with applicable law or Court order. In the case of confidential materials as defined in a protective order, or materials redacted in accordance with applicable law or Court order, a designation may be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document. Any ESI produced in native format shall be placed in a Logical Evidence Container that is Bates numbered, or the storage device (i.e., CD, USB, hard drive) containing such files shall be so Bates numbered. For purposes of further use in depositions, discussions, or any court proceedings, the hash value of any document or ESI will constitute its unique controlling identifier. Alternately, if Bates numbers for native format ESI are desired, a spreadsheet may be created providing a Bates number-to-hash relationship.

PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 4

f. **Pagination and Obfuscation.** All Paginated Documents shall reflect to the extent practicable, without visual degradation, the full and complete information contained on the original document.

g. **Placeholders.** A PDF or TIFF placeholder will be generated for any file that cannot be converted as a Paginated Document. In each case a corresponding native document will be produced, subject to withholding for privilege or work-product.

h. **Color.** Documents that contain color in a manner material to the meaning or understanding of the document, shall be produced as a Paginated Document in color. If a party is producing Paginated Documents as Produced PDFs, then the Produced PDF conversion settings will include settings that preserve color to the extent practicable. If a party is producing Paginated Documents as Produced TIFFs (by request or agreement), then the producing party shall also produce color PDFs for such Paginated Documents, or substitute color PNG or JPG images for TIFF Images.

i. **Truncation.** A Paginated Document may truncate pagination after a limit of at least 100 pages.

j. **Structured Data.** To the extent a response to discovery requires production of discoverable ESI contained in a database, spreadsheet or other mass data compilation ("Structured Data"), the parties agree to meet and confer regarding whether, in lieu of producing the Structured Data, a set of queries should be made for discoverable information and a report generated in a reasonably usable and exportable electronic file (e.g., Excel or CSV format) for production to the requesting party. Upon review of the report(s), the requesting party may make reasonable requests for additional information to explain the database schema, codes, abbreviations, and different report formats or to request specific data from identified fields.

k. **Parent-Child Relationships.** Parent-child relationships (e.g., the association between emails and attachments) will be preserved. Email attachments will be consecutively produced with the parent email, and families will be associated using attachment range metadata. If a scanned document is more than one page, the unitization of the document and any attachments shall be maintained as it existed in the

original when creating the Paginated Document. For documents that contain affixed notes, the pages will be scanned both with and without the notes and those pages will be treated as part of the same document. The relationship of documents in a document collection (e.g., cover letter and enclosures, email and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process. If more than one level of parent-child relationship exists, documents will be kept in order, but all will be treated as children of the initial parent document.

l. **Load Files.** The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software. To the extent necessary, loadfiles must be produced that are compatible with commercially acceptable standards, including a 'Concordance DAT/OPT' loadfile and a 'Summation DII' loadfile, to accompany the Paginated Documents. Each loadfile shall include metadata and other information about the Paginated Documents through a document management or litigation support database system.

m. **Extracted Text/OCRed Text.** For produced documents that exist natively in electronic format that have not been redacted and that are produced as Paginated Documents (i.e., Produced PDFs), extracted or OCRed text shall be embedded in the PDF file in an accessible text layer. For Produced TIFF files (upon request or agreement) from ESI, produce extracted text files reflecting the full text that has been electronically extracted from the original, native electronic files. For Produced TIFF files from hard-copy documents, produce corresponding extracted text for native files and/or optical character recognition ("OCR") text. For all Produced TIFFs, the extracted and OCR text files shall be produced in ASCII text format and shall be included with the loadfiles. These text files will be named with the unique Bates Number of the first page of the corresponding document followed by the extension ".txt." In all cases, the OCR and extracted text files shall be produced in a manner suitable for importing the information into commercially available document management or litigation support software.

PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 6

D. The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source. All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to Defendant or any of Defendant's attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

E. In the event You assert any form of objection or privilege as a ground for not answering a document production request or any part of a request, set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the document, the balance of the document production should be answered in full. With respect to any document which is withheld on a claim of privilege, Defendant shall provide, at the time its responses are due hereunder, a statement or "privilege log" setting forth as to each such document the following information:

    a.  the name(s) of the sender(s) of the document;

    b.  the name(s) of the author(s) of the document;

    c.  the name(s) of the person(s) to whom the document or copies were sent;

    d.  the date of the document;

    e.  a brief description of the nature and subject matter of the document; and

f. the nature of the privilege or the authority which is claimed to give rise to the privilege.

F. Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed, with the purportedly privileged portion redacted. All such documents should be held separately and retained intact subject to and pending a ruling by the Court as to the claimed privilege.

G. If any documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each document or thing:

a. the type of document;

b. a description of the nature and contents of the document;

c. the identity of the author;

d. the circumstances under which it ceased to exist;

e. the identity of all Person(s) having knowledge of the circumstances under which is ceased to exist; and

f. the identity of all Person(s) who had knowledge of the contents.

H. This request for production of documents is deemed to be continuing. Should You obtain any other documents or information which would supplement or modify the documents or information supplied by You in response to this Request, You are directed, pursuant to Federal Rule of Civil Procedure 26(e),

PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 8

to give timely notice of such documents and information and to furnish the additional documents or information to Plaintiff without delay.

I. Unless otherwise stated, please produce documents from the three years preceding the filing of this action.

## DEFINITIONS

In preparing your responses to the interrogatories set forth herein, the following definitions should control unless indicated otherwise by the context:

**"PLAINTIFF"** means Jennifer Schultz.

**"DEFENDANT"** means the named Defendant and all its Washington rental properties, its agents, employees, insurance company independent contractors, employees, attorneys, investigators, and anyone else acting on your, its, or their behalf.

**"YOU"** means **"DEFENDANT"** as defined above.

**"ANYONE ACTING ON YOUR BEHALF"** includes agents, employees, insurance companies, their agents, employees, your attorneys, investigators, consultants.

**"PERSON"** includes a natural person, corporation, association, partnership, sole proprietorship, or public entity.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT - 9

**"CUSTODIAN"** refers to the person having possession, custody, or control or any writing or physical evidence.

**"WRITING"** means any and all handwritten material, typewritten material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing, together with any form of communication or other representation which could constitute a writing within the meaning of the pertinent section of the evidence code of this state.

**"SET FORTH AND IDENTIFICATION"** or **"IDENTIFYING"** means to describe the writing with such particularity as you would require in a motion to produce or document description contained in a subpoena duces tecum.

**"THE SUBJECT INCIDENT"** or **"THE OCCURRENCE"** refers to the accident, incident, or occurrence which is alleged in plaintiff's complaint, unless the context indicates otherwise.

The **"SUBJECT PREMISES"** or **"PREMISES,"** means the premises identified in the plaintiffs' complaint as the geographic location of the subject incident.

**"RELATIONSHIP"** refers to both familial and/or legal connection or association with the person identified, unless the context indicates otherwise.

**"CONSUMER REPORT"** means a written, oral, or other communication of information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.

**"CONSUMER REPORTING AGENCY"** means a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and who uses any means or facility of commerce for the purpose of preparing or furnishing consumer reports.

**"HOLDING DEPOSIT"** means a fee or deposit charged to prospective tenants prior to those prospective tenants being approved for a tenancy at one of your properties.

**"LANDLORD"** means the owner, lessor, or sublessor of the dwelling unit or the property of which it is a part, and in addition means any person designated as

PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 11

representative of the owner, lessor, or sublessor including, but not limited to, an

agent, a resident manager, or a designated property manager.

"**OWNER**" means one or more persons, jointly or severally, in whom is

vested: (a) All or any part of the legal title to property; or (b) All or part of the

beneficial ownership, and a right to present use and enjoyment of the property.

"**PROSPECTIVE TENANT**" means a tenant or a person who has applied for

residential housing at a rental property owned or managed by you in Washington

state.

"**TENANT**" means any person who is entitled to occupy a dwelling unit

primarily for living or dwelling purposes under a rental agreement.

"**FORMER TENANT**" means any person who was once entitled to occupy a

dwelling unit primarily for living or dwelling purposes under a rental agreement.

In each interrogatory where the Defendant is asked to "**IDENTIFY**" a **person**,

or the answer to an interrogatory refers to a person, state with respect to each such

person:

    a.    Their name and telephone number;
    b.    Their last known residence address;

c.    Their company affiliation and job title at the date of the events in question;

d.    A summary description of the person's duties and each job title identified; and

e.    Their present employer and his business address.

In each interrogatory where the Defendant is asked to "**IDENTIFY**" a **company or business,** or the answer to an interrogatory refers to a company or business, state with respect to each such company or business:

a.    The company name and any DBA (doing business as) names;
b.    Company structure (e.g. LLC, Inc.);
c.    UBI and EIN numbers of companies;
d.    Company address;
e.    Telephone Number of company; and
f.    Registered Agent of company.

In each interrogatory where the Defendant is asked to "**IDENTIFY**" a **document**, or documents, with respect to each document, state:

a.    A full description of the document;
b.    The names and job titles of all persons who have possession or custody of such documents;
c.    The telephone number and address of all such persons having such possession or custody; and
d.    The precise location of each such document.

In each interrogatory where the Defendant is asked to "**IDENTIFY**" a **property**, with respect to each property, state:

a.    The address of the property;

PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 13

b.    How many rental units are at that property;

c.    The owner of the property, or if you are the owner, state that; and

d.    if the owner is different entity or person than you, then the owner's full name, last known address, telephone number, and registered agent.

"**EXHIBIT A**" means the lease agreement signed by Ms. Schultz, attached hereto as Exhibit A.

DATED this _____ day of July, 2023.

CAMERON SUTHERLAND, PLLC

s/ *Shayne J. Sutherland*
Shayne J. Sutherland, WSBA #44593
Attorney for Plaintiff

**INTERROGATORY NO. 1:**    List the name, address, and telephone number of each person having any knowledge of the facts regarding your potential liability.

**ANSWER:**

PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 14

1  **INTERROGATORY NO. 2:**  Identify each and every rental property

2  owned or managed by you in the State of Washington.

3      **ANSWER:**

4

5

6

7  **INTERROGATORY NO. 3:**  State the total number of tenants and former

8  tenants who signed a lease agreement, including any cosigners on those leases, at a

9  property owned or managed by you in the State of Washington, in the four (4)

10  years preceding the filing of this Complaint to the present date.

11      **ANSWER:**

12

13

14

15

16

17  **INTERROGATORY NO. 4:**  State the total number of tenants and former

18  tenants who signed a lease agreement, including any cosigners on those leases, at a

19  property owned or managed by you in the State of Washington, whose lease

20  agreement instituted a late fee any time within the 5th day after rent was due from

21  June 11, 2020, to the present date. For purposes of answering this question if rent

22  is due on the first (1st) of the month, please provide the total number of tenants,

23  including any cosigners, whose lease contained a provision which assessed a late

24  fee before the seventh (7th) of the month.

25      **ANSWER:**

PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 15

**INTERROGATORY NO. 5:**  State the total amount you collected in late fees from tenants and former tenants who signed a lease agreement, including any cosigners on those leases, at a property owned or managed by you in the State of Washington, who were assessed a late fee any time on or before the fifth (5th) day after rent was due from June 11, 2020, to the present date. For purposes of answering this question if rent is due on the first (1st) of the month, please provide the amount for all late fees assessed before the seventh (7th) of the month.

**ANSWER:**

**INTERROGATORY NO. 6:**  State the total number of tenants and former tenants who signed a lease agreement, including any cosigners on those leases, at a property owned or managed by you in the State of Washington, containing the language in provision number 33 in Exhibit A, titled "Other Remedies," in the four (4) years preceding the filing of this Complaint to the present date.

**ANSWER:**

**INTERROGATORY NO. 7:**  State the total dollar amount you have charged and collected from tenants and former tenants, including any cosigners for those tenants and former tenants, of properties owned or managed by you in the State of Washington for attorney's fees and interest pursuant provision number 33 in Exhibit A, titled "Other Remedies," in the four (4) years preceding the filing of this Complaint to the present date.

**ANSWER:**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**INTERROGATORY NO. 8:**  State the total number of tenants and former tenants who signed a lease agreement, including any cosigners on those leases, at a property owned or managed by you in the State of Washington, requiring them to pay you a fee for issuing or serving any notice authorized by RCW 59.12, *et seq.*, or RCW 59.18, *et seq.*, in the four (4) years preceding the filing of this Complaint to the present date.

**ANSWER:**

**INTERROGATORY NO. 9:**  State the total dollar amount you have charged and collected from tenants and former tenants, including any cosigners for those tenants and former tenants, of properties owned or managed by you in the State of Washington for fees associated with issuing or serving any notices authorized by RCW 59.12, *et seq.*, or RCW 59.18, *et seq.*, in the four (4) years preceding the filing of this Complaint to the present date.

**ANSWER:**

**INTERROGATORY NO. 10:** State the total number of tenants and former tenants who signed a lease agreement, including any cosigners on those leases, at a property owned or managed by you in the State of Washington, where the lease required them to pay a fee for issuance or service of a notice issued by you as "additional rent," from July 28, 2019, to the present date.

**ANSWER:**

PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 17

**INTERROGATORY NO. 11:** State the total dollar amount of "additional rent" you have charged and collected from tenants and former tenants of properties owned or managed by you in the State of Washington for fees associated with issuing or serving any notices authorized by RCW 59.12, *et seq.*, or RCW 59.18, *et seq.*, in the four (4) years preceding the filing of this Complaint to the present date.

**ANSWER:**

**INTERROGATORY NO. 12:** State the total number of tenants and former tenants who signed a lease agreement, including any cosigners on those leases, at a property owned or managed by you in the State of Washington, requiring them to pay a fee for pest control, in the four (4) years preceding the filing of this Complaint to the present date. For your answer, do not include lease agreements entered into for single-family residences.

**ANSWER:**

**INTERROGATORY NO. 13:** State the total dollar amount your leases have charged tenants and former tenants of properties owned or managed by you in the State of Washington for pest control in the four (4) years preceding the filing of this Complaint to the present date. For your answer, do not include lease agreements entered into for single-family residences.

**ANSWER:**

1

2       **INTERROGATORY NO. 14:** State with specificity the business

3    relationship between you and Conserve.

4       **ANSWER:**

5

6

7

8

9

10      **INTERROGATORY NO. 15:** State with specificity the business

11   relationship between you and the National Apartment Association.

12      **ANSWER:**

13

14

15

16

17

18

19

20

21

22

23

24

25

**INTERROGATORY NO. 16:** State the total number of tenants and former tenants who signed a lease agreement, including any cosigners on those leases, at a property owned or managed by you in the State of Washington, containing a Construction Addendum similar to the one in Exhibit A which required them to release, indemnify, and hold harmless the owner landlord and their respective agents, employees, officers, directors, partners, successors and assigns (collectively referred to as the "Released Parties") from and against any and all costs, expenses (including attorneys' fees), claims, rights and causes of action including, but not limited to, such costs, expenses, claims, rights and causes of action relating to any personal, bodily or property damage or injury relating to, arising out of or connected with construction at the Apartments and that resident expressly acknowledges and agrees that Resident is renting the Unit with full knowledge of such construction activity and that the construction activity shall not constitute any default or breach by Owner of the Lease or of Resident's right to use the Unit, any amenities or common areas of the Apartments, nor shall such construction activity entitle Resident to any concessions including termination of the Lease or recovery of damages from Owner or any other Released Parties, in the four (4) years preceding the filing of this Complaint to the present date.

**ANSWER:**

**INTERROGATORY NO. 17:** State the total number of tenants and former tenants who signed a lease agreement, including any cosigners on those leases, at a property owned or managed by you in the State of Washington, requiring them to waive their rights to bring a class action lawsuit.

**ANSWER:**

**INTERROGATORY NO. 18:** Identify by name, address, title (if applicable), and phone number of every person and entity responsible for creating Ms. Schultz's lease agreement and any other standard lease agreements used by you in the State of Washington for the four (4) years preceding the filing of this Complaint to the present date.

**ANSWER:**

**INTERROGATORY NO. 19:** Identity by name, address, phone number, title and phone number of every person and entity responsible for reviewing and approving the provisions in Ms. Schultz's lease agreement and any other standard lease agreements used by you in the State of Washington for the four (4) years preceding the filing of this Complaint to the present date.

**ANSWER:**

PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 21

**INTERROGATORY NO. 20:** State the total dollar amount your leases have charged tenants and former tenants of properties owned or managed by you in the State of Washington for New Account, Monthly Administrative Billing, and Final Bill fees associated with Conservice's services for the time period of four (4) years preceding the filing of this Complaint against you to the present date.

**ANSWER:**

**INTERROGATORY NO. 21:** For each version of your standard leases provided in response to Request for Production No. 9, where an amendment, whether it be an addition or subtraction, was made, state the date the amendment was made, the reason the amendment was made, and identify the person or entity responsible for making the amendment.

**ANSWER:**

**INTERROGATORY NO. 22:** For each version of your standard leases provided in response to Request for Production No. 9, identify the date range the version was used.

**ANSWER:**

1

2

3

**INTERROGATORY NO. 23:** If you are found liable for the violations alleged in Plaintiff's Complaint, identify every person or business that may be responsible for any judgment entered.

4

**ANSWER:**

5

6

7

8

9

10

11

12

13

14

15

**REQUEST FOR PRODUCTION NO. 1:**  Produce copies of all internal communications and communications sent to persons or entities contracted with you for property management services, which in any way reference the inclusion or the exclusion of standard lease provisions in your lease agreements for the six (6) years preceding the filing of this Complaint to the present date.

16

**RESPONSE:**

17

18

19

**REQUEST FOR PRODUCTION NO. 2:**  Produce each and every contract for services between you and Conserve.

20

**RESPONSE:**

21

22

23

**REQUEST FOR PRODUCTION NO. 3:**  Produce each and every contract for services between you and the National Apartment Association.

24

**RESPONSE:**

25

1

2    **REQUEST FOR PRODUCTION NO. 4:**  Produce all employment

3    handbooks and training manuals used by Defendant for the six (6) years preceding

4    the filing of this Complaint to the present date which concern compliance with

5    Washington's Residential Landlord Tenant Act.

6        **RESPONSE:**

7

8    **REQUEST FOR PRODUCTION NO. 5:**  Produce copies of all your

9    written policies and procedures in place regarding property management services

10   and ensuring compliance with RCW 59.18, *et seq.*, for the six (6) years preceding

11   the filing of this Complaint to the present date.

12       **RESPONSE:**

13

14   **REQUEST FOR PRODUCTION NO. 6:**  Produce a copy of any

15   insurance agreement under which any person carrying on an insurance business

16   may be liable to satisfy part or all of any judgment which may be entered in this

17   action or to indemnify or reimburse the payments made to satisfy any judgment.

18       **RESPONSE:**

19

20   **REQUEST FOR PRODUCTION NO. 7:**  Produce Plaintiff's entire tenant

21   file.

22       **RESPONSE:**

23

24   **REQUEST FOR PRODUCTION NO. 8:**  Produce a ledger consisting of

25   all of Plaintiff's charges and payments for her entire tenancy.

     **RESPONSE:**

PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 24

1

2      **REQUEST FOR PRODUCTION NO. 9:**  Produce every version of your

3    standard form lease agreements used at residential rental properties owned or

4    managed by you in the state of Washington used for the time period of four (4)

5    years preceding the filing of this Complaint against you to the present date.

6      **RESPONSE:**

7

8

9      **REQUEST FOR PRODUCTION NO. 10:**  Produce a spreadsheet, in a

10   sortable format such as excel, containing the name, address, email address,

11   telephone number, date of tenancy of every tenant, former tenant, and/or cosigners

12   for every tenant and former tenant responsive to interrogatory numbers 4, 6, 8, 10,

13   12, 16, and/or 17, and identify which interrogatory number each tenant, former

14   tenant, and/or cosigner identified is responsive to.

15     **RESPONSE:**

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 25

## **<u>CERTIFICATION</u>**

The undersigned attorney for the Defendant has read the Answers and Responses to the foregoing Interrogatories and Requests for Production and certifies that they are in compliance with Fed. R. Civ. P. 26(g).

DATED this _____ day of _____ 2023.

_____
Attorney for Defendant

PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 26

STATE OF WASHINGTON        )
                           )  ss.
COUNTY OF _____    )

_____, being first duly sworn on oath, deposes and says:

That I am the Defendant herein and/or its authorized representative; that I have read the above and foregoing Answers and Responses to Interrogatories and Requests for Production of Documents, know the contents thereof, and believe the same to be true and correct.

_____

Printed Name: _____
Title: _____

SUBSCRIBED AND SWORN TO before me this ____day of _____, 2023 by _____.

_____

Print name: _____
NOTARY PUBLIC in and for the state Washington, Residing at:_____
My Commission expires: _____

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT - 27

# CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 20 day of July, 2023, I electronically served the foregoing upon:

| | |
|---|---|
| Kirk D. Miller | kmiller@millerlawspokane.com |
| Attorney for Plaintiff | |
| | |
| Shayne J. Sutherland | ssutherland@cameronsutherland.com |
| Attorney for Plaintiff | |
| | |
| Robert D. Lee | rlee@cozen.com |
| Attorney for Defendant Avenue5 | |
| | |
| Patrick Lynch | plynch@cozen.com |
| Attorney for Defendant Avenue5 | |

Teri A. Brown, Paralegal

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT - 28