THE HONORABLE STANLEY A. BASTIAN

Shayne J. Sutherland, WSBA #44593
CAMERON SUTHERLAND, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
(509) 315-4507 Telephone
ssutherland@cameronsutherland.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

JENNIFER SCHULTZ, an individual, on behalf of herself and all others similarly situated,

　　　　　Plaintiff,

vs.

AVENUE5 RESIDENTIAL, LLC, a foreign limited liability company,

　　　　　Defendant.

Case No.: 2:23-cv-00088-SAB

**PLAINTIFF'S REPLY RE: MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**07/08/2024**
**Without Oral Argument**

///

///

///

PLAINTIFF'S REPLY RE: MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - Page 1

# I. BACKGROUND

Unable to secure Defendant Avenue5's consent to file the proposed Second Amended Complaint to add two additional class representatives, Plaintiff brought her motion to amend on June 5, 2024. (ECF No. 33, ¶¶ 12, 13). This motion was filed prior to Avenue5 producing any responsive answers or documents to the discovery sought. To date, Avenue5 has still not answered Plaintiff's outstanding discovery requests served on or about July 20, 2023. (ECF No. 33, ¶ 3).

Avenue5 objects to Plaintiff's motion primarily on the ground of alleged prejudice, specifically claiming that: 1) the Proposed Second Amended Complaint seeks to expand the scope of the matter; 2) adding the Pichetas will require Avenue5 to conduct significant additional discovery; and 3) inclusion of the Pichetas will require Avenue5 to prepare different defenses for different legal claims. Avenue5 also objects to the motion because of alleged undue delay.

# II. ARGUMENT

**1. The addition of the Pichetas as class representatives would not expand the scope of the matter.**

(i) The class reach back period runs from Schultz's lease not the Pichetas' lease and the class ending period is not affected by the inclusions of the Pichetas as class representations.

For clarity, Plaintiff intends for the class period to run from the furthest date back that the applicable statute of limitations period(s) will allow, to the date this

matter is certified. Most of Plaintiff's discovery seeks information on tenants for four years (the CPA's statute of limitation) prior to the filing of the Complaint to date the discovery is answered. (ECF No. 30-3, *see, e.g.*, Rog. nos. 3, 7, 8, 9, 12).

At certification and/or sometime thereafter, Plaintiff presumes there will be arguments as to what statute of limitation(s) should apply to the class or subclasses, *i.e.*, two years for a statutory penalty, three years for the taking of personal property, and/or four years for a CPA violation. Accordingly, the date has not been set forth in the Complaint. However, before an appropriate class period can be determined or argued about, what is first needed is proof that some or all the claims occurred on a class wide basis. That step requires Avenue5 to answer the outstanding discovery.

Avenue5 incorrectly asserts that the inclusion of the Pichetas would expand the "temporal scope" of this case by two years. (ECF No. 30). As with any class action, the beginning of the temporal scope is the date class action arises with an additional reach back statute of limitations period. Here, Ms. Schultz's lease began on or about January 4, 2021. (ECF No.33, ¶ 5, Ex. A, at p.1). The Pichetas' lease at issue did not begin until January 3, 2024. (ECF No. 33, Ex. B, at p. 1). As such, the reach back period runs from the date that Ms. Schultz's lease began, not the

PLAINTIFF'S REPLY RE: MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT - Page 3

Pichetas. Consequently, the beginning of the temporal scope is not extended by adding the Pichetas as class representatives.

Furthermore, the ending of the "temporal scope," of the class is not changed by the addition of the Pichetas as class representatives. Avenue5's argument in this regard is confusing. It seems to argue that the end of the class ending period is determined by the date Plaintiff Schultz's lease ended. That is not the case. The end of the class period will either be at the time the class certified, or some later date,[1] with or without the Pichetas as class representatives.

If the argument of Avenue5 is accepted, it would be subjecting itself to never-ending class actions filed on the same claims, with each new class's

---

[1] At or after class certification, it would not be surprising for Avenue5 to desire a different ending period than at class certification to capture all tenants whose rights may have been violated by its illegal lease provisions. Here, there is evidence of Avenue5's continuing violations. Ms. Schultz filed her original complaint in January of 2023 on a 2021 lease and the Pichetas' lease, containing the same alleged illegal lease provisions, was not signed until January of 2024. Given that fact, it is safe to presume Avneue5 continues to include the alleged illegal provisions in its leases to date.

PLAINTIFF'S REPLY RE: MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT - Page 4

temporal period ending on the date the class representative's lease ends. If Avenue5's argument is accepted, the Pichetas will immediately file a separate class action lawsuit for the same illegal lease provisions, covering a different time period. That makes little sense for Avenue5 or judicial economy.

**2.     Adding the Pichetas as class representatives would not require Avenue5 to conduct significant additional discovery.**

Again, to date, Avenue5 has provided no responses or documents to Plaintiff's discovery requests propounded clear back on July 24, 2023. Although better handled through a FRCP 26(i) conference, Avenue5 incorrectly claims or assumes that Plaintiff's use of "present date" in her discovery requests, means that Avenue5 only need provide information responsive up to the date the discovery was served, and not the date that the information is provided by Avenue5. (ECF No. 30). That is not the case, as discovery production obligations are always ongoing and subject to supplementation.

Here, the unanswered discovery, if answered properly, will provide the necessary information for the Court's consideration of Fed. R. Civ. P. 23's requirements. In simple terms, Plaintiff seeks answers from Avenue5 to the basic question(s) "how many other Washington residents signed Avenue5 leases containing one or more of the alleged illegal lease provisions present in Ms. Schultz's lease?" (*See generally*, ECF No. 30-3). Those questions do not change

PLAINTIFF'S REPLY RE: MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT - Page 5

1   with the inclusion of the Pichetas as additional class representatives. And further,
2   the time frame for which Avenue5 should produce answers and documents in
3   discovery does not change either.
4       To the extent Avenue5 may have only collected information or leases from
5   four years prior to March 3, 2022 (Avenue5's incorrect assumption of the class
6   ending date), for the purposes of actual production and moving this case forward,
7   Avenue5 can produce what is available thus far, and supplement with additional
8   documents later. If the matter is certified, the exact number of class members can
9   be determined thereafter, which is typical in class action management.
10      To the extent Avenue5 wants to conduct discovery into the Pichetas
11  specifically, there is more than enough time to do that pre-certification or post-
12  certification. Avenue5 has not even attempted to depose Ms. Schultz yet. (ECF No.
13  33, ¶ 4). The Court has not set a discovery deadline, or any other deadlines, *e.g.*,
14  disclosure of experts, dates for dispositive motions, etc. As such, it is assumed that
15  such proceedings can take place, if requested, after the issue of certification is
16  decided, as the Court has instructed.
17  ////
18  ////
19  ////

PLAINTIFF'S REPLY RE: MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT - Page 6

### 3. The shared alleged lease provisions between Ms. Schultz and the Pichetas are identical or nearly identical and do constitute different legal claims or require Avenue5 to prepare different defenses.

Avenue5 claims the leases between the Ms. Schultz and the Pichetas are "significantly dissimilar." (ECF No. 30, at 10:3-5). They are not. More to the point, Avenue5 also claims that *only two of six lease* provisions at issue in this matter between the Pichetas and Ms. Schultz are identical. At best, Avenue5 is completely mistaken. At worst, it is disingenuously attempting to confuse the Court on the issue by misrepresenting the indisputable written facts present in the leases.

Here, *four of six lease clauses* in Ms. Schultz's lease and the Pichetas' lease are exactly the same. *Compare* ECF No. 33, ¶ 5, Ex. A at p. 2, 3, 4, *with* ECF No. 33, ¶ 6, Ex. B at p. 2, 3, 4.

The only difference in the alleged illegal lease clause assessing late fees before allowed is the Schultz lease imposes the fee on the fifth day of the month and the Picheta lease imposes it on the sixth day. *Compare* ECF No. 33, ¶ 5, Ex. A at p. 1, *with* ECF No. 33, ¶ 6, Ex. B at p. 1. Both are illegal under the RLTA, as they impose a late fee before the seventh day of the month (when rent is due on the first of the month in the respective leases). Plaintiff's outstanding discovery on that clause seeks all Avenue5 tenants whose lease imposed a late fee before the seventh

PLAINTIFF'S REPLY RE: MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT - Page 7

day of the month when rent is due on the first of the month. (ECF No. 30-3, Rog. nos. 4, 5).

As to the remaining shared alleged illegal lease clause, charging tenants a fee for pest control, the only difference is that the Schultz lease assesses $1.00 per month and the Picheta lease assesses $2.00 per month. *Compare* ECF No. 33, ¶ 5, Ex. A at p. 5, "1. k)" *with* ECF No. 33, ¶ 6, Ex. B at p. 5, "1. k)". Again, both fees are illegal, as this action alleges charging any fee for pest control in non-single-family rentals is illegal. Again, Plaintiff's discovery makes that clear. (ECF No. 30-3, Rog. nos. 12, 13).[2]

As such, completely contrary to Avenue5's assertions, the potential claims of the Pichetas do not differ from Ms. Schultz's claims. No defenses are different to the illegality of the clauses as they are the same. Moreover, no additional discovery would need be produced or sought if the Pichetas are added as class representatives, as the responsive information has already been sought in Plaintiff's unanswered set of discovery. Avenue5's reliance on *Roling v. E*Trade Sec. LLC*,

---

[2] There is a seventh clause alleged to be illegal, but that clause only appears in a construction addendum signed by Ms. Schultz, and not in the Picheta lease, and therefore is not addressed for the purpose of Avenue5's present arguments.

PLAINTIFF'S REPLY RE: MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT - Page 8

1   279 F.R.D. 522 (N.D. Cal. 2012) is therefore completely misplaced. There, the

2   attempted amendment adding a class representative included a new cause of action

3   and new legal theories, which this one clearly does not. *Id*. at 524.

4   **4.    The Plaintiff has not unduly delayed in bringing this motion.**

5   　　Defendant Avenue5 claims undue delay in Response to this Motion. If

6   anyone has delayed this matter, it has been Avenue5. Plaintiff has been more than

7   accommodating to Avenue5 by agreeing to repeated extensions for Avenue5 to

8   produce answers to discovery that was issued nearly a year ago. Avenue5 has yet

9   to produce a single answer or document responsive to those requests to date.

10  Avenue5's claims of undue delay ring hollow when it has been the sole cause of

11  such delay and prevented meaningful inquiry into the manner and scope of its

12  illegal leases.

13  　　Here, the Pichetas were not known as potential class members to Class

14  Counsel until March of 2024. (ECF No. 33, ¶ 8). The Pichetas contacted Class

15  Counsel's office for other legal issues stemming from provisions in their lease, at

16  which time, they made it known that they would like to represent the issue as well.

17  (ECF No. 33, ¶ 9). Once the Pichetas were identified, Class Counsel acted

18  diligently to draft a second amended complaint and send it to Opposing Counsel to

19  obtain consent to a motion to file the second amended complaint. (ECF No. 33, ¶

12). After Avenue5 informed Class Counsel it would not consent to the Amendment, this motion followed. (ECF No. 33, ¶ 13).

As set forth in the opening motion and supported further herein, adding the Pichetas as class representatives does not alter the claims, defenses, or the documents and answers Avenue5 needs to provide in response to the outstanding discovery. The Pichetas have the same claims as Ms. Schultz for illegal lease provisions under the RLTA. They seek no new discovery than what has been sought by Ms. Schultz since July of 2023 since that discovery already extends from the reach-back periods of the relevant statute of limitations and continue until the date a class is certified.

Avenue5 is welcome to send interrogatories and production of documents directed to the Pichetas, which would likely be answered before Avenue5 provides any responses to the Plaintiff's outstanding discovery. Avenue5 is welcome to schedule a deposition of the Pichetas if desired, just like it can but has not done for Ms. Schultz. *See Carlson v. Anka Behavioral Health, Inc.*, C10-3914 TEH, 2012 WL 2196337, at *3 (N.D. Cal. June 14, 2012) (granting a motion to amend adding a class representative over defendant's argument that the plaintiff had unduly delayed because the motion was filed over a year and a half after the case was filed).

PLAINTIFF'S REPLY RE: MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT - Page 10

### III.  CONCLUSION

Given the above, and the liberal standard governing amendments, Plaintiff's motion should be granted. *See*, *e.g.*, *McConnell v. Red Robin Int'l, Inc.*, Case No. C11–3026 WHA, 2012 WL 1357616, at *2 (N.D.Cal. Apr.17, 2012) ("This Court is not convinced that the addition of one named class plaintiff, four months before non-expert discovery ends, six months before the deadline for dispositive motions occurs, and nine months before trial is set to begin, will result in the sort of undue prejudice defendant contends is likely to occur.").

DATED this 27th day of June 2024.

CAMERON SUTHERLAND, PLLC


s/Shayne J. Sutherland
Shayne J. Sutherland, WSBA #44593
*Attorney for Plaintiff*

PLAINTIFF'S REPLY RE: MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT - Page 11

# CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June, 2024, I electronically filed, through the CM/ECF filing portal, the foregoing document, who will then serve the same upon:

Shayne J. Sutherland                    ssutherland@cameronsutherland.com
Attorney for Plaintiff

Robert D. Lee                           rlee@cozen.com
Attorney for Defendant Avenue5

Rohan Mohanty
Attorney for Defendant Avenue5          rmohanty@cozen.com

<u>s/ Shayne Sutherland</u>
Shayne J. Sutherland, WSBA#44593

PLAINTIFF'S REPLY RE: MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT - Page 12