1

THE HONORABLE STANLEY A. BASTIAN

2
3
4
5
6
7

ROBERT D. LEE, WSBA #46682
ROHAN MOHANTY (*Pro Hac Vice*)
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA  98101
(206) 340-1000
RLee@Cozen.com
RMohanty@Cozen.com
*Attorneys for Defendant*

8

9
10

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON**

11
12
13
14
15
16
17
18

JENNIFER SCHULTZ, an individual, on behalf of herself and all others similarly situated,

           Plaintiff,

      v.

AVENUE5 RESIDENTIAL LLC, a foreign limited liability company,

        Defendant.

Case No. 2:23-CV-00088

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**<u>Without Oral Argument</u>**

19
20
21
22
23
24
25
26

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................1

II.     FACTUAL BACKGROUND....................................................................3

III.    LEGAL STANDARD .........................................................................5

IV.     ARGUMENT .......................................................................................6

   a.  Plaintiff Is Not An Adequate Class Representative Because
       She Has No Remaining Interest in a Class Litigation........................6

   b.  Plaintiff's Claims Are Not Typical Of The Proposed Class ...........10

       i.   Plaintiff Lacks Standing to Bring Her Claims .....................10

       ii.  Plaintiff is Subject to Defenses on Her RLTA Claims ..........12

   c.  Common Answers Cannot Resolve Class Claims ...........................14

   d.  Individualized Issues Predominate Over Class Claims...................17

       i.   Individualized Inquiries Are Required to Determine the
            Viability of RLTA Claims ....................................................18

       ii.  Individualized Inquiries Are Required to Determine the
            Viability of CPA and Unjust Enrichment Claims.................20

   e.  Class Litigation Is Not The Superior Means of Adjudication .........22

V.      CONCLUSION....................................................................................24

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - i
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*Amchem Products, Inc. v. Windsor*,
    521 U.S. 591 (1997)................................................................17

6

7

*Bailie Comm'cns, Ltd. v. Trend Bus. Sys. Inc.*,
    810 P.2d 12 (Wash. Ct. App. 1991)................................22

8

*Baker v. Carr*,
    369 U.S. 186 (1962)................................................................10

9

10

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006)................................................10

11

12

*Bernhardt v. County of Los Angeles*,
    279 F.3d 862 (9th Cir. 2002) ................................11

13

14

*Blough v. Shea Homes, Inc.*,
    Case No. 2:12-CV-01493 RSM, 2014 WL 3694231 (W.D. Wash.
    Jul. 23, 2014)................................................................23

15

16

*Brady v. AutoZone Stores, Inc.*,
    960 F.3d 1172 (9th Cir. 2020) ................................9

17

18

*Campion v. Old Republic Prot. Co.*,
    775 F.3d 1144 (9th Cir. 2014) ................................8, 9

19

20

*Comcast v. Behrend*,
    569 U.S. 27 (2013)................................................................5

21

22

*Contos v. Wells Fargo Escrow Co.*,
    Case No. C08-838Z, 2020 WL 2679886 (W.D. Wash. Jul. 1,
    2010) ................................................................23

23

24

*Daley v. Greystar Real Estate Partners LLC*,
    Case No. 2:18-CV-00381-SMJ, 2020 WL 6865780 (E.D. Wash.
    July 2, 2020)................................................................22

25

26

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ........................................................................6, 15

*Evon v. Law Offices of Sidney Mickell*,
   688 F.3d 1015 (9th Cir. 2012) ................................................................................8

*Halliburton Co. v. Erica P. John Fund, Inc.*,
   573 U.S. 258 (2014) ...............................................................................................6

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ................................................................................7

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992) ................................................................................10

*In re Carrier IQ, Inc.*,
   78 F.Supp.3d 1051 (N.D. Cal. 2015) ...................................................................11

*Morrison v. Esurance Ins. Co.*,
   Case No. C18-1316 TSZ, 2020 WL 583824 (W.D. Wash. Feb. 6,
   2020) .....................................................................................................................23

*Murphy v. Hunt*,
   455 U.S. 478 (1982) (*per curiam*) ........................................................................8

*Narouz v. Charter Comm's, LLC*,
   591 F.3d 1261 (9th Cir. 2010) ................................................................................9

*Nw. Envtl. Def. Ctr. v. Gordon*,
   849 F.2d 1241 (9th Cir. 1988) ................................................................................8

*Resnick v. Frank* (*In re Online DVD-Rental Antitrust Litig.*),
   779 F.3d 934 (9th Cir. 2015) ..................................................................................7

*Richmond v. Home Partners Holdings LLC*,
   Case No. 3:22-cv-05704-DGE, 2023 WL 2787221 (W.D. Wash.
   April 5, 2023) ...........................................................................................12, 15, 18

*Roper v. Consurve, Inc.*,
   578 F.2d 1106 (5th Cir. 1978) ................................................................................7

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - iii
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)...................................................................11

*Torres v. Mercer Canyons Inc.*,
835 F.3d 1125 (9th Cir. 2016) .................................................18

*Van v. LLR, Inc.*,
61 F.4th 1053 (9th Cir. 2023) ...........................................12, 15

*Vega v. T-Mobile USA, Inc.*,
564 F.3d 1256 (11th Cir. 2009) ...............................................22

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2001).........................................................*passim*

*Warth v. Seldin*,
422 U.S. 490 (1975)...........................................................10, 11

*Wetzel v. CertainTeed Corp.*,
Case No. C16-1160 JLR, 2019 WL 3976204 (W.D. Wash. March
25, 2019) ...........................................................18, 20, 21, 23

*Zinser v. Accufix Rsch. Inst., Inc.*,
253 F.3d 1180 (9th Cir. 2001) .................................................23

*Zuver v. Airtouch Communications, Inc.*,
153, Wn.2d 293 P.3d 753 (2004)...............................................14

**Statutes**

RCW 7.06.020.........................................................................23

RCW 19.86.090.......................................................................20

RCW 58.18.030.......................................................................13

RCW 59.18.................................................................................4

RCW 59.18.060(4)...................................................................21

RCW 59.18.080..................................................................12, 18

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - iv
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

RCW 59.18.170.................................................................................................21

RCW 59.18.230.........................................................................................13, 14

RCW 59.18.230(2)(f).......................................................................................13

RCW 59.18.280(3)............................................................................................20

RCW 59.23............................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 23..........................................................................................5, 6

Fed. R. Civ. P. 23(a)...............................................................................*passim*

Fed. R. Civ. P. 23(a)(4)..................................................................................1, 7

Fed. R. Civ. P. 23(b)................................................................................*passim*

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - v
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Defendant, Avenue5 Residential LLC ("Avenue5") hereby opposes Plaintiff Jennifer Schultz's ("Plaintiff") Motion for Class Certification.

## I.  INTRODUCTION

Plaintiff's Motion (ECF 43) should be denied because she cannot establish adequacy, typicality, or commonality, nor can she demonstrate that class questions predominate or that a class action is the superior method for adjudicating the claims at issue. Indeed, an examination of Plaintiff's unique circumstances and the individualized proof required to establish her proposed class claims exemplifies the discrete nature of the allegations.

First, Plaintiff is an inadequate class representative because *she has already settled her individual claims eliminating any injury/harm suffered* and, therefore, lacks a continuing interest in the outcome of the litigation. Without a personal stake in the litigation, Plaintiff cannot fairly and adequately protect the interests of the proposed class as required by Rule 23(a)(4).

Plaintiff's settlement also renders her claims atypical under Rule 23(a)(3). Given that she has resolved her disputes and *suffered no injury/harm*, Plaintiff's circumstances differ significantly from those of the proposed class members. Plaintiff is also uniquely subject to defenses that do not apply to other class members as a result of that settlement, further undermining her suitability as a

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - 1
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1  representative.

2        Moreover, Plaintiff's Motion fails to establish commonality under Rule

3  23(a)(2). The lease agreements at issue vary significantly, with different tenants

4  entering into distinct contractual arrangements with different terms at different

5  times. As a result, the alleged claims do not arise from a common nucleus of facts

6  or law applicable to all class members, nor can they be resolved with a common

7  answer. Instead, resolution would require highly individualized inquiries into the

8  terms of each lease, the circumstances of each tenant, and their respective claims

9  would dominate the proceedings, making class treatment highly inefficient and

10  impractical.

11        Finally, given these issues, Plaintiff has not and cannot show that a class

12  action is the superior method for resolving the claims under Rule 23(b)(3). The

13  highly individualized nature of the claims means that the proposed class action

14  would necessarily devolve into a series of mini-trials, negating any efficiency

15  gained by class treatment. Alternative procedural mechanisms, such as individual

16  actions or consolidated proceedings, are more appropriate to address the issues

17  raised.   For these reasons, Avenue5 respectfully requests that the Court deny

18  Plaintiff's Motion for class certification.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - 2
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## II.     FACTUAL BACKGROUND

Plaintiff initiated this putative class action against Avenue5 and Enjoy! The River, LLC ("Enjoy! The River") in the Superior Court of Washington, in and for Spokane County, on or about January 3, 2023. (ECF 1-1). Avenue5 timely removed the action to this Court on or about March 30, 2023. (ECF 1). Plaintiff alleges she entered into an apartment lease contract with Avenue5 and Enjoy! The River (the "Lease") that contained unlawful provisions.[1] (ECF 1-1). In May 2023, Plaintiff voluntarily dismissed Enjoy! The River after entering into a settlement agreement with that defendant. (ECF 6, 7).[2] Plaintiff filed an Amended Complaint on or about January 16, 2024, which removed Enjoy! The River. (ECF 21) (hereinafter "Am. Compl."). Plaintiff's subsequent attempt to amend the complaint to add additional class representatives was fully briefed, argued, and denied by this Court on or about July 3, 2024. (ECF 34).

Plaintiff is a former tenant in The River House Apartments, an apartment complex in Spokane, Washington, owned by Enjoy! The River and managed by

---

[1] The Lease was based upon the standardized rental agreement created by the National Apartment Association ("NAA"), which is a national organization which provides education, benefits and services to apartment professionals. *See* "*Who creates the content for Click&Lease,*" FAQs, National Apartment Association (January 30, 2025, 3:35 PM), https://naahq.org/lease/faq.

[2] Plaintiff brought identical claims against Avenue5 and Enjoy! The River in her initial Complaint. *See* (ECF 1-1).

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - 3
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Avenue5.[3] *See* Am. Compl. at ¶¶ 4.1–4.2. Plaintiff alleges that provisions in her

Lease are unlawful under Washington law because they require tenants to:

1) Pay late fees on rent paid within five days of the rental payment due date;
2) Pay the landlord's attorney's fees not authorized by law;
3) Pay service fees for the issuance of notices required under RCW 59.18, *et sq.*, or RCW 59.23, *et sq.*;
4) Pay the aforementioned service fees as additional rent;
5) Pay fees for pest control;
6) Release, indemnify, and hold harmless owners, landlords, and their partners and agents from claims and causes of action, including, but not limited to bodily injury, related to construction performed at rental properties; and
7) Sign a class action waiver.

*Id.*, *generally*; (ECF 43 at p. 9). She now brings class claims against Avenue5 for

supposed violations of the Washington Residential-Landlord Tenant Act

("RLTA"), Washington Consumer Protection Act ("CPA"), and unjust

enrichment. Am. Compl., *generally*. Plaintiff purports to represent "thousands" of

tenants who entered into leases containing such provisions and also seeks to

represent a subclass of tenants ("Subclass A") "who paid Avenue5 monies for fees

pursuant to one or more of these illegal provisions" despite not having done so

herself. (ECF 43 at p.10).

  Plaintiff entered into the Lease on or about January 4, 2021. *See* Am. Compl.

---

[3] The Property Management Agreement between Enjoy! The River and Avenue5 establishes that Enjoy! The River "shall be responsible for any and all Claims relating to the use of the Leases, including the application or enforcement of those Leases and [Avenue5's] actions taken … that are consistent with the terms of the applicable housing statutes."

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

at 4.1; Plaintiff's Lease which is attached hereto as Exhibit "A," at Bates JS000162–239. Her lease term began on January 4, 2021, and ran until March 3, 2022. *See* Am. Compl. at ¶ 4.4; Ex. A at p.1, ¶ 6. By the terms of the Lease, Plaintiff agreed to pay $1,382.00 in rent per month for the lease period. *See* Am. Compl. at ¶ 4.5; Ex. A at p.1, ¶ 6. However, two months into Plaintiff's tenancy, she stopped paying rent. *See* July 14, 2021 Non-Payment Letter, attached hereto as Exhibit "B", at Bates JS000145. Plaintiff remained delinquent through the remainder of her residency, and as of her move out in April 2022, *she accrued and owed approximately $17,633.73 in unpaid rent and fees – an amount she never paid*. *See* Settlement Agreement, attached hereto as Exhibit "C," Bates JS000240 at ¶ 4.1. On or about May 9, 2023, Plaintiff and Enjoy! The River entered into a settlement agreement, resolving all claims and damages against one another, leading to the dismissal of Enjoy! The River from this action. *Id.*

## III. LEGAL STANDARD

Because "[t]he class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only," "a party seeking to maintain a class action must affirmatively demonstrate his compliance with Rule 23." *Comcast v. Behrend*, 569 U.S. 27, 33 (2013); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2001). This requires satisfying each element of Rule 23(a)—

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - 5
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

numerosity, typicality, commonality, and adequacy—and demonstrating, under Rule 23(b)(3), that class-wide questions predominate over questions affecting only individual members and that class-wide adjudication is superior to individual actions. *See* Fed. R. Civ. P. 23. Plaintiffs bear the burden to "actually prove—not simply plead—that their proposed class satisfies each requirement of Rule 23." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014). Because Rule 23 is not a "mere pleading standard," a court must be satisfied after conducting a "rigorous analysis" that each of the Rule 23 requirements have been met. *Wal-Mart Stores, Inc.*, *supra,* at 350 (2011).

Assessing the elements for class certification requires an understanding of the plaintiff's underlying claims. *Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 981 (9th Cir. 2011) ("[T]he merits of the class members' substantive claims are often highly relevant when determining to certify a class.") "It is not correct to say a district court *may* consider the merits to the extent that they overlay with class certification issues; rather, a district court *must* consider the merits if they overlap with the Rule 23(a) requirements." *Id.* (emphasis in original).

## IV.   ARGUMENT

### a.   <u>Plaintiff Is Not An Adequate Class Representative Because She Has No Remaining Interest in a Class Litigation</u>

Plaintiff's Motion should be denied because her claims are moot now that

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

she has settled her individual claims, thus creating an unavoidable conflict with other class members. A class representative must demonstrate that she "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To determine whether a plaintiff will fairly and adequately protect the class, courts look to whether: (1) the named plaintiffs have any conflicts of interest with other class members; and (2) the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

A class representative is inadequate if a conflict exists between the representative and the class members. *Id.* The conflict must be relevant to the lawsuit and must not be speculative. *Resnick v. Frank* (*In re Online DVD-Rental Antitrust Litig.*), 779 F.3d 934, 942 (9th Cir. 2015). While courts have not established a comprehensive list of factors, part of the analysis examines whether the class representative "'maintain[s] a sufficient interest in, and nexus with, the class so as to ensure vigorous representation.'" *Id.* at 943 (*quoting Roper v. Consurve, Inc.*, 578 F.2d 1106, 1112 (5th Cir. 1978)). A class representative is inadequate where she has no interest in the litigation. *Id.*

Here, Plaintiff lacks an interest in the class lawsuit because her claims are moot. "A moot action is one where 'the issues presented are no longer live or the

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1    parties lack a legally cognizable interest in the outcome.'" *Nw. Envtl. Def. Ctr. v.*

2    *Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988) (*quoting Murphy v. Hunt*, 455 U.S.

3    478, 481 (1982) (*per curiam*)). The test for whether a class claim is moot after the

4    putative class representative voluntarily settles her individual claims *is whether the*

5    *class representative retains a personal stake in the case. Campion v. Old Republic*

6    *Prot. Co.*, 775 F.3d 1144, 1146 (9th Cir. 2014). That "personal stake" must be

7    "concrete" and "financial," *id.*, a question that "turns on the language of [the]

8    settlement agreement." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015,

9    1021 (9th Cir. 2012).

10          The Ninth Circuit, in *Campion v. Old Republic Protection Co., Inc.*, held

11   that where a settlement agreement does not provide for additional compensation

12   to a class representative, the class representative's claims are moot upon settlement

13   of their individual claims. 775 F.3d 1144, 1147 (9th Cir. 2014). In *Campion*, the

14   Court looked to the language of plaintiff's settlement agreement and determined

15   that no matter what happened with class certification, the plaintiff did not stand to

16   gain any additional compensation through the class action. *Id.* Under the terms of

17   the settlement agreement, the plaintiff had received full value, settled attorneys'

18   fees and costs, and did not stand to receive any additional award by remaining as

19   a representative for the proposed class. *Id.*

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - 8
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Following *Campion*, the Ninth Circuit reaffirmed these principles in *Brady v. AutoZone Stores, Inc.*, where the Court stated that:

> "when a class representative voluntarily settles his individual claims, he must do more than expressly leave class claims unresolved to avoid mootness. A class representative must also retain—as evidenced by an agreement—a financial stake in the outcome of the class claims. Absent such a stake, a class representative's voluntary settlement of individual claims renders class claims moot."

960 F.3d 1172, 1175 (9th Cir. 2020).

Here, the *Campion* and *Brady* reasoning should be applied. Plaintiff has no interest in this litigation as she voluntarily settled all claims[4] and debts related to her tenancy. *See Exhibit C, generally; Dep. Trans. of Plaintiff, attached hereto as Exhibit D,* at 79:15-80:20. Further, she is no longer a party to the Lease, no longer resides at The River House Apartments, and has no concrete, financial personal stake in the outcome of class adjudication.[5] *See* Exhibit "C", *generally*. More importantly, her settlement with Enjoy! The River does not provide any "award enhancement" or financial incentive for Plaintiff to continue to pursue the class claims. *Id.*, *generally*. A review of the Settlement Agreement makes clear that Plaintiff has no "continued financial interest in the advancement of the class claims." *Id.*; *Narouz v. Charter Comm's, LLC*, 591 F.3d 1261, 1265 (9th Cir.

---

[4] Claims which are identical to those alleged against Avenue5.

[5] As explained further below, Plaintiff does not have standing to pursue statutory damages under the RLTA.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

2010). Accordingly, Plaintiff's claims are moot, she lacks interest and she is not an adequate class representative.

### b. Plaintiff's Claims Are Not Typical Of The Proposed Class

Typicality requires a showing that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This requirement assures "that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "[C]lass certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Id*. at 508 (citations omitted). Unique defenses further bear on both the issues of typicality and adequacy of a class representative. *See e.g., Beck v. Maximus, Inc*., 457 F.3d 291, 296-97 (3d Cir. 2006).

### i. Plaintiff Lacks Standing to Bring Her Claims

Plaintiff lacks standing to bring her claims because she has not suffered an injury as a result of the allegations in her Complaint. Standing refers to "whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). Because Plaintiff does not have standing, the Court lacks subject matter jurisdiction over

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - 10
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1    her claims. *Id.* at 499.

2        To establish standing, Plaintiff must show "(1) she has suffered an 'injury

3    in fact' that is (a) concrete and particularized and (b) actual or imminent, not

4    conjectural or hypothetical; (2) the injury is fairly traceable to the challenged

5    action of the defendant; and (3) it is likely, as opposed to merely speculative, that

6    the injury will be redressed by a favorable decision." *Bernhardt v. County of Los*

7    *Angeles*, 279 F.3d 862, 868-69 (9th Cir. 2002). A "bare procedural violation,

8    divorced from any concrete harm," cannot "satisfy the injury-in-fact requirement

9    of Article III." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Standing must be

10   established for the Court to determine whether a class should be certified. *In re*

11   *Carrier IQ, Inc.*, 78 F.Supp.3d 1051, 1072 (N.D. Cal. 2015).

12       Here, Plaintiff has not and will not suffer any injury in fact. While Plaintiff

13   alleges that various provisions in the Lease were unlawful, *she does not allege that*

14   *she suffered any injury from those provisions*. *See* Am. Compl. at ¶¶ 4.10, 4.13,

15   4.14, 4.18, 4.19, 4.28. Plaintiff does not allege she was unlawfully charged or paid

16   any fee relating to the allegedly illegal provisions in the Lease. *See id*., *generally*.

17   Moreover, Plaintiff has been absolved of any and all debts she may have incurred

18   pursuant to the Lease. *See Exhibit D* at 79:15-80:20; *see also* Exhibit C, at p.1, ¶

19   4.1. While Plaintiff may argue that the inclusion of allegedly unlawful provisions

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - 11
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

in her lease alone is sufficient to provide her with standing, *courts in the Ninth Circuit have repeatedly held that a supposed statutory violation, without more, is insufficient to confer Article III standing*. *See e.g., Van v. LLR, Inc.*, 61 F.4th 1053, 1063 (9th Cir. 2023); *Richmond v. Home Partners Holdings LLC*, Case No. 3:22-cv-05704-DGE, 2023 WL 2787221, at *4 (W.D. Wash. April 5, 2023) (finding class representatives had no standing to sue for claims relating to allegedly illegal fees in a lease because none were actually required to pay those fees). Because Plaintiff has not incurred any injury resulting from the allegations in her Complaint, she lacks standing and the Court is void of subject matter jurisdiction over this matter.

### ii.    Plaintiff is Subject to Defenses on Her RLTA Claims

Relatedly, Plaintiff cannot demonstrate typicality because her RLTA claims are subject to a unique statutory defense. Under the RLTA, a tenant is not permitted to assert a claim *if she is not current on rent and utilities payments pursuant to the lease*. *See* RCW 59.18.080 (noting tenant must be "current in the payment of rent including all utilities which the tenant has agreed in the rental agreement to pay before exercising any of the remedies" under RLTA).

According to the terms of the Lease, Plaintiff was required to pay rent of $1,382.00 per month. *See* Exhibit A at p.1, ¶ 6. Two months into the term of her

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - 12
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

lease, in March 2021, Plaintiff ceased making the requisite rent payments. *See* Exhibit B. It is undisputed that Plaintiff failed to pay rent through her remaining year-long residency at The River House Apartments, and by the time she moved out in April 2022, she owed $17,663.73 in past due rent and other rental obligations stemming from her tenancy. *See* Exhibit C, at p.1, ¶ 4.1. *Id*. Plaintiff's delinquency thus bars her from bringing any RLTA claim.

Moreover, Plaintiff, along with other prospective class members, entered into the Lease *prior to the May 2021 amendment of the RLTA*. At the time Plaintiff entered into her Lease in January 2021, *the RLTA did not outlaw the issuance of late fees as alleged by Plaintiff*. RCW 59.18.230; RCW 58.18.030. It was only four months *after* Plaintiff signed her Lease when the RLTA was amended to prohibit "late fees for rent that is paid within five days following its due date." RCW 59.18.230(2)(f). Accordingly, Plaintiff cannot sustain her RLTA claim that she was required to enter into a lease agreement containing an unlawful late fee provision *because it was lawful at time of execution*.

Finally, Plaintiff's Lease contains a severability provision which states that if any provision of the lease is "invalid or unenforceable under applicable law, such provision shall be ineffective" and "[t]he court shall interpret the lease and provisions herein in a manner such as to uphold the valid portions of this Lease

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - 13
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Contract while preserving the intents of the parties." *See* Exhibit A, at p. 8, ¶ 50. This is consistent with RCW 59.18.230, which only makes prohibited provisions unenforceable, as well as Washington law which allows parties to strike unenforceable contract provisions. *See e.g., Zuver v. Airtouch Communications, Inc.*, 153, Wn.2d 293, 320, 103 P.3d 753, 768 (2004) (collecting cases). The availability of the aforementioned defenses against Plaintiff's claims underscores the individuality of her claims and the available defenses to her claims which render her class claims atypical.

### c.    Common Answers Cannot Resolve Class Claims

Commonality, within the meaning of Rule 23(a)(2), requires that there be "questions of law or fact common to the class." To satisfy this requirement, plaintiffs must demonstrate that the claims of all class members depend on "a common contention" that "is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The test is whether the determination of the truth or falsity of such common contention "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "What matters . . . is not the raising of common 'questions'—even in droves—but rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (emphasis in original). "Dissimilarities within the proposed class

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

are what have the potential to impede the generation of common answers." *Id*. Assessing commonality requires understanding the nature of plaintiffs' underlying claims. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) ("[T]he merits of the class members' substantive claims are often highly relevant when determining whether to certify a class.").

Commonality is lacking here because to establish liability, Plaintiff must prove that the conduct she alleges, in fact caused injury to the class. This necessarily requires a detailed, individualized analysis of each class member's accounts and records which destroys commonality. *Indeed, the Ninth Circuit recently held that individualized issues require denial of class certification where some class members lack or cannot show any injury. See Van v. LLR, Inc.*, 61 F.4th 1053, 1069 (9th Cir. 2023) (vacating certification where at least 18 of 13,680 potential class members were uninjured due to discounts received that offset the alleged improper charges). Evidence that some proposed class members were not charged or did not incur the alleged fees specifically raises the "spectre of class-member-by-class-member adjudication." *Id.* at 1067. *That is the exact issue here* – determining RLTA liability is a multi-step process requiring case-by-case determinations. *See Richmond*, 2024 WL 4828570, at *4.

Commonality does not exist here because alleged class members entered

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - 15
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

into their respective lease agreements at different periods of time, at different locations, with differing lease terms. As Plaintiff points out in her Motion, and as borne out in discovery, not all leases issued in the operative time period are identical. (ECF 43 at pp.13-14). In fact, of the 105,099 leases identified by Avenue5 in discovery: 38,580 contained the attorneys' fees provision in Plaintiff's Lease (ECF No. 44 at Ex. B, Rog. No. 3); 176 leases required tenants to pay a late fee on or before the 6th day of the month and less than 100 lease agreements required tenants to pay a late fee on or before the 5th day of the month (for the period between June 11, 2020 to November 18, 2024) (*Id.* at Ex. C, Rog. No. 4); 78,535 contained the class action waiver present in Plaintiff's Lease (*Id.* at Ex. B, Rog. No. 17); 36,384 had a similar construction addendum to the provision identified by Plaintiff (*Id.* at Ex. B, Rog. No. 16); 27,413 contained a provision requiring tenants to pay for notice fees authorized by the RLTA (*Id.* at Ex. B, Rog. No. 9); 44,482 contained provisions requiring late fees to be paid as additional rent (*Id.* at Ex. B, Rog. No. 10); and 14,223 tenants were required to pay a pest control fee. (*Id.* at Ex. B, Rog. No. 12). Thus, *class members with certain provisions in their lease have differing claims than other class members whose leases may or may not contain some or all of the allegedly unlawful provisions*. As to Subclass A, of the 2,252 tenants who were assessed allegedly unlawful fees, 652 tenants

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

received a reversal or refund. (*Id.* at Ex. B, Rog. No. 10). The differing form of leases and complicated individualized inquiry into which tenants received reversals or refunds exemplifies the uncommon nature of prospective claims and individualized analysis that will be required for each of the class claims.

Further, while common questions may exist for some class members, common answers cannot be reached in "one stroke." *Dukes*, 564 U.S. at 350. Rather, an analysis of each tenant's accounts and records would be needed to: find out what provisions exist in the tenant's lease; whether such provisions are unlawful; whether a tenant has standing to bring a claim; and whether Avenue5 has defenses to claims brought by differing tenants. None of these issues can be resolved on a class wide basis and instead require an individual inquiry into each tenant and their circumstances. Accordingly, the individualized nature of the claims and defenses to the class claims brought by Plaintiff are anything but common, and cannot be resolved with a common answer.

### d.    <u>Individualized Issues Predominate Over Class Claims</u>

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). The Rule requires that "questions of law or fact common to class members predominate over any

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

questions affecting only individual members." Fed. R. Civ. P. 23(b). "A question is 'individual' if members of the proposed class will need to present varying evidence, whereas a question is 'common' if the same evidence can be used for each member to make a prima facie showing, or if the issue can be proved by generalized, class-wide proof." *Wetzel v. CertainTeed Corp.*, Case No. C16-1160 JLR, 2019 WL 3976204, at *15 (W.D. Wash. March 25, 2019) (*citing Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016)).

### i.   Individualized Inquiries Are Required to Determine the Viability of RLTA Claims

Predominance is absent here because a threshold inquiry is required to determine whether putative class members can bring a claim under the RLTA.

> Landlord liability under the RLTA is a fact intensive inquiry making it difficult to demonstrate that the Fed. R. Civ. P. 23(a)'s prerequisites of commonality and typicality are met. Further, it would be hard to show that 'questions of law or fact common to class members predominate over any questions affecting only individual members' as required by Fed. R. Civ. P. 23(b)(3).

*Richmond*, 2024 WL 4525083, at *2 (*quoting* Fed. R. Civ. P. 23(b)(3)). As discussed above with respect to typicality, the RLTA provides that a tenant is not permitted to bring a claim under the RLTA if the tenant is not current on the payment of rent and utilities. *See* RCW 59.18.080.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Here, a threshold analysis would be required to assess whether each putative class member in Plaintiff's proposed class and subclass were current in rent and utility payments before having the ability to bring a claim under the RLTA. This analysis would necessarily include an *individual* review of each class member's accounts and cross-examination (*i.e.*, mini-trials) as to every single putative class member challenging the allegedly unlawful provisions in their lease. Moreover, because lease language varies depending on *when* a class member entered into their contract, additional analysis would be required to determine what provisions were included in each lease, and whether such provisions were prohibited at the time where the class member was a party. As to Subclass A, extensive analysis would be needed to determine: 1) whether the class member was charged a fee; 2) whether the class member paid the fee; and 3) whether the class member was credited or refunded any fees that they were charged.

Likewise, if Avenue5 is found to be "landlord" under the RLTA—an issue which Avenue5 denies and does not concede—Avenue5 would have the right to pursue claims against putative class members for amounts they still owe. The RLTA provides that nothing in the RLTA "shall preclude the landlord from proceeding against, and the landlord shall have the right to proceed against a tenant to recover sums exceeding the amount of the tenant's damage or security deposit

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - 19
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

for damage to the property for which the tenant is responsible together with reasonable attorneys' fees." *See* RCW 59.18.280(3). Hence, Avenue5 would have viable claims against tenants for unpaid rent and utilities, and would seek an offset for that amount due by the tenant/class member. Again, this would also involve an additional individualized inquiry as to the status of the account of each class member falling within the proposed class and subclass.

### ii.    Individualized Inquiries Are Required to Determine the Viability of CPA and Unjust Enrichment Claims

Plaintiff's class CPA and unjust enrichment claims similarly require individualized inquiries as to whether each putative class member suffered any injury. "The court's inquiry into whether questions of law or fact common to class members predominate begins with the elements of Plaintiffs' asserted cause of action." *Wetzel*, 2019 WL 3976204, at *15.

A CPA claim requires the following elements to be proven: "(1) an unfair or deceptive act or practice; (2) in trade or commerce; (3) an impact on the public interest; (4) an injury to each plaintiff in his or her business or property; and (5) causation." *Id*. The CPA requires "actual damages." *See* RCW 19.86.090. Even assuming that Plaintiff can prove the remaining CPA elements on a classwide basis, she cannot prove putative class members were injured on a classwide basis.

Here, Plaintiff alleges that the imposition of fees for pest control, fees for

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

notices served in relation to the RLTA,[6] attorney's fees and costs against former tenants, and practices of requiring tenants to sign provisions exculpating liability and waive their ability to participate in class actions, constitute violations of the CPA. *See* Compl., at ¶¶ 7.3-7.8. Plaintiff claims, in conclusory fashion, that these alleged violations caused class members to suffer economic and non-economic damages. *Id.* at ¶ 7.12. While Plaintiff's exact damages model is not exactly clear, *damages under Plaintiff's own theory of liability are inherently tied to actual monies paid by each member of the proposed class*. And those monies paid would be subject to any offset Avenue5 has against a class member for monies owed to it. *See Wetzel*, 2019 WL 3976204, at *17 (finding "consideration of the injury element of Plaintiffs' CPA claim also raises serious concerns about the need for mini-trials" and noting determining offsets would "entail individualized evidence" even if discernable from defendant's records). This analysis will yet again require another individualized review of each tenant's accounts and file.

Likewise, a claim for unjust enrichment requires Plaintiff to show that each member of the class conferred a benefit on Avenue5 "'under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of

---

[6] It should also be noted that late fees and fees for pest control are not *per se* unlawful under the RLTA. *See* RCW 59.18.170; RCW 59.18.060(4).

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - 21
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

its value.'" *Daley v. Greystar Real Estate Partners LLC*, Case No. 2:18-CV-00381-SMJ, 2020 WL 6865780, *11 (E.D. Wash. July 2, 2020) (denying certification of a class for landlord-tenant unjust enrichment claim) (*quoting Bailie Comm'cns, Ltd. v. Trend Bus. Sys. Inc.*, 810 P.2d 12, 17 (Wash. Ct. App. 1991)). Inherently, this analysis requires an individualized examination of each class member's circumstances as they relate to Avenue5 such that the claim cannot be resolved with a common answer. In other words, mini-trials would be necessary to determine whether each class member has a viable claim. Because of this, it is well established that "common questions rarely predominate in an unjust enrichment claim." *Daley*, 2020 WL 6865780, at *11 (*citing Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009)).

In sum, because numerous individualized inquiries are required to assess whether putative class members suffered injury under the CPA and for whether class members have viable unjust enrichment claims, Plaintiff has not and cannot satisfy the predominance requirement.

**e.      Class Litigation Is Not The Superior Means of Adjudication**

For the reasons discussed above, class litigation is not the superior method to resolve putative class members' claims. For a class to be certified, Plaintiff must demonstrate that class litigation is "superior to other available methods for fairly

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - 22
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, putative class members have alternative, more efficient options for resolving their disputes, including small claims court or arbitration, and the availability of attorneys' fees under the RLTA provides "substantial incentive" to proceed individually. *See Morrison v. Esurance Ins. Co.*, Case No. C18-1316 TSZ, 2020 WL 583824, *6 (W.D. Wash. Feb. 6, 2020); *Contos v. Wells Fargo Escrow Co.*, Case No. C08-838Z, 2020 WL 2679886, *7 n.11 (W.D. Wash. Jul. 1, 2010). Class members may also "avail themselves of Washington's mandatory arbitration procedure for claims under $100,000" under RCW 7.06.020. *Blough v. Shea Homes, Inc.*, Case No. 2:12-CV-01493 RSM, 2014 WL 3694231, *15 (W.D. Wash. Jul. 23, 2014) (describing option to pursue claims through the "fairness and efficiency" of arbitration of homeowners' claims); *Wetzel*, 2019 WL 3976204, at *18 (W.D. Wash. 2019) (availability of alternatives "weighs against the superiority of class treatment").

More importantly, class proceedings would be unmanageable. The Ninth Circuit has stated that, "[i]f each class member has to litigate numerous and substantial issues to establish his or her right to recover individually, a class action is not 'superior.'" *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001).

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Here, each putative class member requires a level of individualized inquiry which is incompatible with class litigation. First, as to the RLTA claims, each putative class member must establish they have standing to bring RLTA claims. In other words, an individualized inquiry is necessary to determine whether each class member is delinquent on rent or utilities. Next, as to the CPA and unjust enrichment claims, each putative class member would have to prove they suffered an injury. Such a determination would necessarily require an inquiry into the individual's accounts and file. Moreover, even if the aforementioned inquiries were performed, additional analysis be needed to determine if Avenue5 would be entitled to any offset of amounts still due or owed by each putative class member. Given these widespread individualized inquiries, any class action would be unwieldy and not superior to other means through which putative class members can assert their potential claims, whether through arbitration, mediation, or direct negotiations. Given that a class action trial will consist of thousands of unmanageable mini-trials about each tenant's particular circumstances, a class action in this instance is not a superior method to resolve the claims alleged.

## V.    CONCLUSION

For the foregoing reasons, Avenue5 respectfully requests that the Court deny Plaintiff's motion for class certification in its entirety.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - 24
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1      DATED this 3rd day of February, 2025.

2                   COZEN O'CONNOR

3

4

5                   */s/ Robert D. Lee*
                     Robert D. Lee, WSBA #46682

6                    Rohan Mohanty (*pro hac*)
                    999 Third Avenue, Suite 1900

7                    Seattle, WA 98104

8                    *Attorneys for Defendant*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record as follows:

Shayne Sutherland, WSBA #44593                 *Via CM/ECF System*
ssutherland@cameronsutherland.com
*Attorneys for Plaintiff*

Christopher M. Hogue, WSBA #48041              *Via CM/ECF System*
*Attorneys for Plaintiff*

DATED: February 3, 2025

*/s/ Anissa Cabe*
Anissa Cabe, Legal Practice Assistant
acabe@cozen.com

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION - 26
[NO. 2:23-CV-00088]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000