HONORABLE STANLEY A. BASTIAN

Shayne J. Sutherland, WSBA #44593
CAMERON SUTHERLAND, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
Tel: 509-315-4507
Email: ssutherland@cameronsutherland.com
*Attorney for Plaintiff*

Christopher M. Hogue, WSBA #48041
HOGUE LAW FIRM
905 W. Riverside Ave., Ste. 402
Spokane, 99201
Tel: 509-934-1998
Email: chris@spokaneadvocate.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER SCHULTZ, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVENUE5 RESIDENTIAL, LLC, a foreign limited liability company,<br><br>Defendant. | Case No.: 2:23-cv-00088-SAB<br><br>**PLAINTIFF'S REPLY RE: MOTION FOR CLASS CERTIFICATION**<br><br>Without Oral Argument<br>04/30/2024 |

PLAINTIFF'S REPLY RE: MOTION FOR CLASS CERTIFICATION - 1

I.    **LEGAL ARGUMENT**

A.    **Ms. Schultz Is an Adequate Class Representative and Her Claims Are Typical of the Proposed Class and Subclass.**

1.    **Ms. Schultz Did Not Settle Any Claims Against Avenue5.**

Avenue5 is a "landlord" under the RLTA that is subject to independent liability for violations of the RLTA. See RCW 59.18.030(16) (defining "landlord" as the "owner, lessor, or sublessor of the dwelling unit or the property of which it is a part, and in addition means any person designated as representative of the owner, lessor, or sublessor including, but not limited to, an agent, a resident manager, or a designated property manager."). The fact that Ms. Schultz initially sued the property owner, Enjoy! the River, LLC ("ETR"), as a potentially responsible party and entered into a settlement agreement with them does not moot her claims against other potentially responsible parties, including property manager Avenue5. This is especially true given that Ms. Schultz did not resolve any claims against Avenue5 in her settlement with ETR, rather specifically reserving them. *Decl. Sutherland* ¶ 5.

Avenue5 sets forth two unavailing Ninth Circuit cases, *Campion v. Old Republic Prot. Co*, 775 F.3d 1144 (9th Cir. 2014) and *Brady v. Autozone Stores, Inc.*, 960 F.3d 1172 (9th Cir. 2020), for the proposition that Ms. Schultz's claims against property manager Avenue5 are moot because she settled her case with the property owner. However, both *Campion* and *Brady* concern class representatives who settled

PLAINTIFF'S REPLY RE: MOTION
FOR CLASS CERTIFICATION - 2

their individual claims against the **sole defendant** after class certification was denied. In *Campion*, the Ninth Circuit found that even though Campion reserved a right to appeal the denial of certification, because he settled his individual claims, and did not retain a financial stake in the outcome of the class claims in settlement, his claims were moot. 775 F.3d at 1146. Likewise, in *Brady*, the court found the representative plaintiff's claims moot because after the class certification denial he did not retain a financial interest in the settlement agreement to appeal. 960 F.3d at 1174-75. These cases have nothing to do with class certification in the instant matter.

    **2.    Avenue5's Has Abandoned or Waived Its Property Onwer Settlement Agreement Arguments through Its Dilatory Actions.**

After Ms. Schultz sued the property owner, ETR, they alleged amounts were owed to them despite clear evidence of the property owner's Move-Out Statement and Tenant Ledger showing $0.00 owed and Ms. Shultz's dispute that she did not owe any amounts to ETR. *Decl. Sutherland*, Ex. A. In lieu of wasting time with these bogus arguments, Ms. Schultz dismissed the property owner from the lawsuit via a settlement agreement and continued to pursue her claim against the independently liable property manager defendant, Avenue5.

The settlement agreement between Ms. Schultz and ETR has a confidentiality provision. On November 18, 2024, Avenue5 obtained ETR's written consent for Ms. Schultz to share the agreement with Avenue5. *Decl. Sutherland*, Ex. B. However,

PLAINTIFF'S REPLY RE: MOTION
FOR CLASS CERTIFICATION - 3

1   ETR reserved its rights "under the settlement agreement's confidentiality provision
2   and require[d] that it not be shared publicly or filed with the court without further
3   consent." *Id.* This Court denied a stipulated motion to seal the settlement agreement
4   on February 4, 2025, but granted Avenue5 leave to refile the agreement in the public
5   record. ECF No. 52. Instead of doing that, Avenue5 sat on its hands and took no
6   further action to get ETR's consent and file the settlement agreement into evidence.

7       Because of Avenue5's dilatory actions, Ms. Schultz's Reply cannot ethically
8   or adequately address Avenue5's inapt and misleading contentions concerning the
9   settlement agreement. For its defense of class certification arguments, Avenue5 was
10  required to properly submit the agreement into evidence, but it apparently never
11  obtained ETR's consent to file it or disclose its terms. Ms. Schultz is substantially
12  prejudiced by Avenue5's actions and cannot respond about confidential terms that
13  ETR has never waived. Moreover, this Court should not delay class certification
14  because of Avenue5's failures to obtain ETR's consent. Avenue5 has abandoned or
15  waived any arguments by failing to comply with court deadlines and not bothering
16  to respond to this Court's grant of leave to refile the agreement for over two months.

17      **3.    Ms. Schultz Has Standing to Pursue Damages.**

18      Avenue5 asserts Ms. Schultz does not have Article III standing in federal court
19  due to her allegedly suffering no injury in fact. ECF No. 51 at pp. 17:16 – 18:13.
20  This, however, comes after Avenue5 represented to this Court in removal that Ms.
21  

PLAINTIFF'S REPLY RE: MOTION
FOR CLASS CERTIFICATION - 4

Schultz brought a lawsuit sufficient to confer Article III standing, and that this Court did have jurisdiction under CAFA due to statutory damages. ECF No. 1 at pp. 5:21 – 6:3. Now, it appears that Avenue5 frivolously argues that there is no Article III standing, or that its previous representations to the Court concerning jurisdiction were false. If this Court agrees with Avenue5's arguments on jurisdiction, the Court should remand this matter back to state court and award Ms. Schultz her costs and fees for Avenue5's frivolous removal.

Nonetheless, Avenue5 is incorrect that Ms. Schultz did not allege actual damages (See ECF No. 21 at ¶¶ 4.10, 4.13, 4.16, 4.23, 5.5, 6.1-6.7, 7.3-7.6, 7.10, 7.12, 9.1), did not actually suffer actual damages (*Decl. Sutherland*, Ex. A – identifying illegal charges), or that the settlement agreement (not filed into evidence) with ETR absolves Avenue5 of the actual damages. Avenue5 implicitly concedes that statutory damages can remain live through its illegal lease provisions. ECF No. 51 at pp. 17:25 – 18:5. If statutory damages alone remain, this Court may still certify a class given the concrete harm, or remand to state court, if necessary.

For Article III standing, Avenue5 ignores the "informational injury" component of the RCW 59.18.230 violation. "[I]nformational injury is a type of intangible injury that can constitute an Article III injury in fact." *Envtl. Research Ctr., Inc. v. S103, Inc.*, No. C19-00640 SBA, 2019 LEXIS 96178, at *5-6 (N.D. Cal. April 22, 2019); see also *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-

PLAINTIFF'S REPLY RE: MOTION
FOR CLASS CERTIFICATION - 5

1  75, 102 S. Ct. 1114, 1121 (1982) (finding an African American "tester" possessed standing because her "statutorily created right to truthful housing information" had been infringed).

RCW 59.18.230 was created to protect concrete interests of a tenant's right to accurate information and charges in residential leases and accurate information of landlord/tenant responsibilities under the RLTA, which satisfies the Article III inquiry. See *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021). Violations of this statute are the specific type of concrete harm that the Washington Legislature enacted section .230 to prevent – going so far as to declare such provisions "unenforceable" and "against public policy."

### 4. Avenue5's Alleged Defenses Do Not Bar Class Certification.

Washington courts have made clear that RCW 59.18.080 is not a bar to class certification. In *Jammeh v. HNN Assocs.*, LLC, No. C19-0620JLR, 2020 LEXIS 164281, *58 (W.D. Wash. Sept. 9, 2020) the Western District rejected the same argument Avenue5 is making here under RCW 59.18.080 – that class certification is allegedly defeated because tenants have to be current in the payment of rent to bring RLTA-based lawsuits and/or participate in them as class members. There, the court granted class certification and rejected section .080 as a bar, stating:

> Although the court does not resolve dispositive issues on a Rule 23 certification inquiry, whether RCW 59.18.080 applies to Plaintiffs' RLTA claims under RCW 59.18.260 and RCW

PLAINTIFF'S REPLY RE: MOTION FOR CLASS CERTIFICATION - 6

      59.18.280 is an issue that could be decided on a class-wide basis. If the defense does not apply, [the landlords'] concerns would be irrelevant. If the defense does apply, then the court can reassess certification of the Move-In Form and the Late Statement Classes at that time, if necessary.

*Id.*

Not only is RCW 59.18.080 not a bar to class certification, but the defense simply does not exist to bar a tenant's right to bring a lawsuit because Avenue5 misinterprets and misapplies the statute. RCW 59.18.080 states that a "tenant shall be current in the payment of rent including all utilities…before exercising any of the remedies [under the RLTA]." This concerns a **tenant exercising** remedies (i.e., tenant self-help), which is seen in such sections affording tenants the ability to effect their own repairs to defective conditions not addressed by the landlord and then deduct the repair cost from the rent. RCW 59.18.100.

Avenue5's proposed application of RCW 59.18.080 would also be absurd. For instance, if a tenant was a day late in rent (i.e., not current in rent), the landlord could violate a tenant's rights, without any tenant recourse in courts, by shutting of utilities (RCW 59.18.300); remove or exclude the tenant from the premises (RCW 59.18.290); enter tenant premises without permission (RCW 59.18.150(6)); engage in retaliatory actions (RCW 59.18.240-250); *et cetera*. Like section .230's illegal lease provisions, these sections confer rights to tenants (not the tenant exercising remedies), to seek relief from courts for a landlord's illegal acts. Avenue5's absurd

PLAINTIFF'S REPLY RE: MOTION
FOR CLASS CERTIFICATION - 7

argument also ignores and undermines the Washington Supreme Court's mandate that the RLTA be **strictly construed** in favor of tenants. *Silver v. Rudeen Mgmt. Co.*, 197 Wn.2d 535, 548 (2021).

Avenue5's other "defenses" are equally unavailing. To the extent that alleged illegal late fees were permissible prior to May 2021, the class may be modified, or damages offset, to account for this, or the defense may apply only to certain class members – but this does not preclude class certification. Avenue5's additional severability arguments also do not usurp RCW 59.18.230's prohibitions and awards of statutory or actual damages, nor do they bar class certification since the alleged defense is applicable to every putative class member tenant. These arguments also go to the merits, which have nothing to do with class certification. See *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1133 (9th Cir. 2016) ("we consider merits questions at the class certification stage only to the extent they are relevant to whether Rule 23 requirements have been met.").

**B.    Commonality Is Satisfied.**

As addressed in opening briefing, the simple common questions presented in this action are whether one or more of seven different provisions in Avenue5's leases violate Washington law. Similar to this Court's reasoning in its *Torres* decision, proving at trial whether such clauses are illegal will "drive the resolution of that claim." *Torres*, 305 F.R.D. 646, 652 (E.D. Wash. 2015). Avenue5's arguments

PLAINTIFF'S REPLY RE: MOTION
FOR CLASS CERTIFICATION - 8

against commonality are more accurately presented as inapt predominance and/or superiority arguments – i.e., individualized questions regarding damages, different leases contain different clauses, the availability of defenses, *et cetera* – which are addressed below. The illegal lease provisions are unquestionably a common question amongst the class, regardless of the merits. Avenue5's stated excuse that there cannot be class certification because it violated the RLTA in such a widespread and pervasive manner cannot be seriously considered.

### C. Predominance Is Satisfied.

None of Avenue5's alleged defenses are unique or require "individual determinations." See *Lyon v. U.S. Immigration & Customs Enf't*, 308 F.R.D. 203, 213 (N.D. Cal. 2015) ("[I]f other class members may be subject to the same defenses as the representative plaintiff, such defenses are not "unique" and therefore do not defeat typicality."). As to actual damages, Avenue5 has already demonstrated that it possesses the power to locate the leases containing the offending provisions, the identities of its tenants/former tenants to those leases, and the amounts of tenants' monies illegally collected from those provisions (and refunded, if any). The fact that tenants' actual damages may differ is never a basis to not certify a class.

Avenue5 also claims that its offset defense - its threat to sue tenants or former tenants for alleged unpaid rent and utilities – prevents the Court from finding the predominance prong satisfied. Avenue5 is wrong again. "Offset goes to the

PLAINTIFF'S REPLY RE: MOTION
FOR CLASS CERTIFICATION - 9

1 calculation of damages, which is not an individual issue that undercuts predominance." *Jammeh v. HNN Assocs., LLC*, No. C19-0620JLR, at *59.

As to individualized damages inquiries, the federal courts, including this one, have routinely held that individualized inquiries into damages amounts do not defeat certification. *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016) ("We have repeatedly confirmed the . . . holding that the need for individualized findings as to the amount of damages does not defeat class certification."); see also *Torres v. Mercer Canyons, Inc*., 305 F.R.D. 646, 654, (E.D. Wash. 2015).

With respect to the CPA, "by its own terms the CPA is particularly well-suited to resolution by common questions," and that any individualized questions as to those damages do not "defeat predominance." *Id*. at 654. Here, Ms. Schultz alleges a CPA claim as an alternative to RLTA liability, as to the actual damages subclass only. The same applies to Ms. Schultz's other alternative liability claim, unjust enrichment. Further, damages are easily calculable under either, in that they are the amounts of the fees wrongfully collected (plus interest, and potential treble damages under CPA). Accordingly, predominance is satisfied.

**D.    A Class Action Is Superior to Other Means.**

Avenue5 suggests that small claims court or arbitration are realistic alternatives to the collective action here, claiming that availability of attorney's fees

PLAINTIFF'S REPLY RE: MOTION
FOR CLASS CERTIFICATION - 10

provides "substantial incentive" to proceed individually. They do not. The claims here concern statutory damages either limited to maximums of $500.00 or twice the monthly rent paid depending on when the violation occurred, and minimal fees (ranging from a $1.00 pest charge per month to $75.00 late fees and/or attorney's fees not authorized by the RLTA). Neither such a low dollar amount, nor the fee-shifting attorney's fees available provide sufficient incentive or motivation for individual claims. *Local Joint Exec. Bd. Of Culinarry/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (cases involving "multiple claims for relatively small individual sums" are particularly well suited to class treatment).

As to manageability, the Ninth Circuit recognizes a presumption against denying class certification based solely on manageability concerns. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128 (9th Cir. 2017). Avenue5 is able to determine which alleged illegal lease provisions are in each lease, and the tenant class members to those leases. It is also able to identify which tenants were charged fees based on each provision for purposes of actual damages.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff Jennifer Schultz respectfully requests this Court grant her motion for class certification. In the alternative, if there is no subject matter jurisdiction, this Court should remand the matter back to state court. And if

PLAINTIFF'S REPLY RE: MOTION
FOR CLASS CERTIFICATION - 11

Ms. Schultz is not adequate or typical, then this Court should grant leave to amend the Complaint to substitute or add additional class representatives to this lawsuit.

    Respectfully submitted and DATED this 8th day of April 2025.

CAMERON SUTHERLAND, PLLC

s/ *Shayne J. Sutherland*
Shayne J. Sutherland
WSBA No. 44593
*Attorney for Plaintiff*

HOGUE LAW FIRM

/s *Christopher M. Hogue*
Christopher M. Hogue
WSBA No. 48041
*Attorney for Plaintiff*

PLAINTIFF'S REPLY RE: MOTION FOR CLASS CERTIFICATION - 12

**CM/ECF CERTIFICATE OF SERVICE**

I certify that on the date indicated below I caused an electronic copy of the foregoing document to be filed with the Clerk of the Court via CM/ECF system which will then send notification of such filing to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED this 8th day of April 2025.

                                                s/ *Christopher M. Hogue*
                                                Attorney for Plaintiff