THE HONORABLE STANLEY A. BASTIAN

Shayne J. Sutherland, WSBA #44593
CAMERON SUTHERLAND, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
(509) 315-4507 Telephone
ssutherland@cameronsutherland.com
Attorney for Plaintiff

Chris M. Hogue, WSBA #48041
HOGUE LAW FIRM
905 W. Riverside Ave., Ste. 402
Spokane, 99201
(509) 934-1998 Telephone
chris@spokaneadvocate.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| JENNIFER SCHULTZ, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVENUE5 RESIDENTIAL, LLC, a foreign limited liability company,<br><br>Defendant. | Case No.: 2:23-cv-00088-SAB<br><br>**PLAINTIFF'S SURREPLY RE: MOTION FOR CLASS CERTIFICATION**<br><br>Without Oral Argument |

PLAINTIFF'S SURREPLY RE:
MOTION FOR CLASS
CERTIFICATION - 1

## I.      INTRODUCTION

Two of Defendant Avenue5's primary contentions against certification spring from the fact Ms. Schultz settled all actual and potential matters between herself and former defendant in this matter, Enjoy! The River, LLC ("ETR"), in a settlement and release agreement ("the Agreement") executed on or about May 9, 2023. (ECF No. 51 at 1:13-22, 6:25-10:2). Avenue5 argues the Agreement with ETR moots Ms. Schultz's claims against Avenue5 in this action. (ECF No. 51 at 1:13-22, 6:25-10:2). Relatedly, Avenue5 also argues that she is an inadequate class representative because she does not have live claims against Avenue5. (ECF No. 51 at 1:13-22, 6:25-10:2).

After this litigation was commenced, ETR alleged (but not in any Answer to the lawsuit) that Ms. Schultz owed it outstanding rent stemming from her former tenancy at the River House at Trail Head apartments. (ECF No. 56 at 4.1). Ms. Schultz vehemently opposed that allegation. (ECF No. 56 at 4.1). In fact, she contended the allegation and/or a potential lawsuit by ETR to collect alleged outstanding rent was or would be "frivolous." (ECF No. 56). Notwithstanding this, Ms. Schultz and ETR agreed to mutually release any claims that they had or may

PLAINTIFF'S SURREPLY RE:
MOTION FOR CLASS
CERTIFICATION - 2

have had against one another. (ECF No. 56 at 4.4). They did so without any money changing hands. (ECF No. 56).

Most importantly to the issue at hand, the Agreement explicitly preserved and did not resolve any of Ms. Schultz's claims against Avenue5. (ECF No. 56 at 4.4). The Agreement specifically provided that it "does not and is not intended to apply to or release in any form or fashion Avenue5 Residential in the Lawsuit." (ECF No. 56 at 4.4).

## II.  AUTHORITY AND ARGUMENT

### A. The Agreement between Ms. Schultz and ETR Does Not Moot Her Claims Against Avenue5 or Make Her an Inadequate Class Representative.

As set forth in Ms. Schultz's prior briefing, the two Ninth circuit cases of *Campion v. Old Republic Prot. Co*, 775 F.3d 1144 (9th Cir. 2014) and *Brady v. Autozone Stores, Inc.*, 960 F.3d 1172 (9th Cir. 2020), relied on by Avenue5 in briefing have no bearing on this matter. The settlements in those cases occurred after class certifications were denied, entailed the payment of compensation to the respective class representatives, were entered into **with the sole defendants** in those cases, and dealt with the ability to appeal the class certification denial decisions after

PLAINTIFF'S SURREPLY RE:
MOTION FOR CLASS
CERTIFICATION - 3

the settlements occurred. *See Campion*, 775 F.3d at 1145-46; *Brady*, 960 F.3d at 1173-75.

Here, Ms. Schultz did not release Avenue5 from any liability for the claims alleged in this suit. (ECF No. 56 at 4.4). To the contrary, she specifically reserved all claims against Avenue5 in the Agreement. (ECF No. 56 at 4.4). Furthermore, she received no compensation for doing so.[1] (ECF No. 56).

---

[1] Ms. Schultz's rent ledger at ETR's River House at Trailhead apartments not produced by Avenue5 in discovery until approximately August 21, 2024, (ECF No. 65), shows Ms. Schultz had a zero-rent balance as of March 3, 2023. (ECF No. 55-1, Avenue5_000056-000067). The March 3, 2023, date was more than two months *before* she signed the Agreement with ETR. (ECF No. 56). Accordingly, any agreement by ETR not to pursue those amounts in a future lawsuit appears to be illusory. *See UTHE Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 760 (9th Cir. 2015) (stating that the "one satisfaction rule" applies to bar recovery from a joint tortfeasor when full satisfaction of all the claims is obtained by a plaintiff, or considers offset of common damages. Such a rule barring recovery or offsetting damages does not apply here where no compensation by ETR was provided).

PLAINTIFF'S SURREPLY RE:
MOTION FOR CLASS
CERTIFICATION - 4

Moreover, if applicable, the "one satisfaction rule" requires "that the amounts recovered by settlement and the judgment must represent common damages arising from a single, indivisible harm." *Aetrium*, 808 F.3d at 761 (citing *Chisholm v. UHP Projects, Inc.*, 305 F.3d 731, 737 (4th Cir. 2000)). Assuming *arguendo* that any amounts had been collected from ETR, Ms. Schultz would not be barred from independently pursuing separate statutory damages from Avenue5.

Under the RLTA, Washington's legislature established separate and independent liability for RLTA violations, which may fall upon several different "landlords" depending upon their role in the violation. *See* RCW 59.18.030(16) (defining "landlord" as the "owner, lessor, or sublessor of the dwelling unit or the property of which it is a part, and in addition means any person designated as representative of the owner, lessor, or sublessor including, but not limited to, an agent, a resident manager, or a designated property manager."). In this case, RCW 59.18.230(4) vests with the fact finder the discretion to assign accountability/damages to various landlords of a tenant in different amounts (i.e., not joint tortfeasors). Those decisions may hinge on the degree of culpability a fact finder determines one landlord has versus another for the inclusion of illegal lease provisions. *See Id*. Even under a proportionate share approach, Ms. Schultz's

PLAINTIFF'S SURREPLY RE:
MOTION FOR CLASS
CERTIFICATION - 5

Agreement with ETR would be irrelevant even if one assumes *arguendo* she had received a monetary compensation from the Agreement. *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 219 (1994) (the "law would contains no rigid rule against overcompensation. Several doctrines…recognize that making tortfeasors pay for the damage they cause can be more important than preventing overcompensation.").

Here, where Avenue5 appears to be the landlord who drafts some or all of the lease provisions (ECF No. 44-1 at Avenue5_000133), enforces those provisions (ECF No. 44, Ex. B, Rog. Nos. 5, 7, 10, 11, 13), and has a risk management department and risk analysts to control the form and content of the implicated residential leases (ECF No. 65, Ex. C), Ms. Schultz's decision to continue to pursue her claim against only Avenue5 independently is justified, not precluded, and not a basis to deny class certification.

As mentioned previously, Ms. Schultz specifically preserved and reserved all claims in this lawsuit against Avenue5 in the Agreement with ETR. That is enough. *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 347 (1971) (announced in an antitrust context "[t]he straightforward rule is that a party releases only those other parties whom he intends to release." The Court went on to hold that the defendant coconspirator patent infringer in that case was not released by a prior

PLAINTIFF'S SURREPLY RE:
MOTION FOR CLASS
CERTIFICATION - 6

settlement/release agreement executed between Zenith and other coconspirator patent infringers that did not name defendant).

The fact Ms. Schultz removed ETR from this lawsuit without receiving any financial payment does not prohibit her from pursuing an independent claim against landlord Avenue5 and maintaining her ability to represent the class against Avenue5. Avenue5 has also presented no evidence that Ms. Schultz will not continue to vigorously and adequately represent the class. As such, Ms. Schultz's claims are not mooted by the Agreement she entered into with ETR, and Ms. Schultz is an adequate representative of the class against Avenue5.

## IV. CONCLUSION

For the foregoing reasons and reasons provided in prior briefing, Plaintiff Jennifer Schultz respectfully requests this Court grant her Motion for Class Certification.

DATED this 5th day of May 2025.

| CAMERON SUTHERLAND, PLLC | HOGUE LAW FIRM |
|---|---|
| s/ *Shayne J. Sutherland* | /s *Christopher M. Hogue* |
| Shayne J. Sutherland | Christopher M. Hogue |
| WSBA No. 44593 | WSBA No. 48041 |
| Attorney for Plaintiff | Attorney for Plaintiff |

PLAINTIFF'S SURREPLY RE:
MOTION FOR CLASS
CERTIFICATION - 7

# CM/ECF CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused an electronic copy of the foregoing document to be filed with the Clerk of the Court via CM/ECF system which will then send notification of such filing to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED this 5th day of May 2025.

s/ *Shayne Sutherland*
Attorney for Plaintiff

PLAINTIFF'S SURREPLY RE: MOTION FOR CLASS CERTIFICATION - 8