FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 22, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER SCHULTZ, an individual, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>AVENUE5 RESIDENTIAL, LLC, a foreign limited liability company,<br><br>        Defendant. | No. 2:23-CV-00088-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

On August 7, 2025, the Court held a motion hearing in this matter in Spokane, Washington. Plaintiff was represented by Shayne Sutherland and Christopher Hogue. Defendant was represented by Robert Lee.

At the hearing, the Court heard arguments on Plaintiff's pending Motion for Class Certification, ECF No. 43. Having reviewed the briefs, the arguments, and the caselaw, the Court **grants** Plaintiff's motion.

## I.    BACKGROUND

This case was filed in Spokane County Superior Court on January 3, 2023, and removed to federal court in the Eastern District of Washington on March 30, 2023. Defendants properly based removal on the Class Action Fairness Act ("CAFA"), giving the Court jurisdiction under 28 U.S.C. § 1332(d).

**ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** ~ 1

Plaintiff seeks to file for class action for all class members who rented property owned or managed by Defendant as the landlord, defined by Wash. Rev. Code § 59.18.030(16), and who signed a lease agreement containing provisions prohibited by the Washington Residential Landlord-Tenant Act ("RLTA"). She brings claims for (1) violations of Washington States' RLTA, pursuant to Wash. Rev. Code § 59.18, *et seq.*; (2) unjust enrichment; and (3) violations of Washington State's Consumer Protection Act ("CPA"), pursuant to Wash. Rev. Code § 19.86, *et seq.* Plaintiff claims Defendant included several illegal lease provisions in her and other tenants' agreements in violation of the RLTA, and Defendant was unjustly enriched by illegal fees. Plaintiff points to seven alleged illegal and unenforceable provisions from her lease:

(1) To pay late fees on rent paid within five days of rental payment due dates in violation of Wash. Rev. Code § 59.18.230(2)(f) and 59.18.170;

(2) To pay the landlord's attorney's fees that are not otherwise authorized by the RLTA in violation of Wash. Rev. Code § 59.18.230(2)(c);

(3) To pay a notice service fee every time the landlord provides a notice required under Wash. Rev. Code § 59.18, *et seq.*, or Wash. Rev. Code § 59.12, *et seq.*, in violation of Wash. Rev. Code § 59.18.230(a);

(4) To pay said notice service fees as additional rent, thereby conditioning position upon payment of said fees in violation of Wash. Rev. Code § 59.18.283(2) and Wash. Rev. Code § 59.18.230(2)(a);

(5) To pay fees for pest control in multifamily dwellings in violation of Wash. Rev. Code § 59.18.060(4) and 59.18.230(2)(a);

(6) To release, indemnify and hold harmless owner landlords and their partners and agents from all claims and causes of action, including but not limited to bodily injury related to the construction of their rental properties in violation of Wash. Rev. Code § 59.18.230(2)(d); and/or

(7) To sign a class action waiver that forfeits any right or ability to bring, represent, join or otherwise maintain a class action against Avenues in violation of Wash. Rev. Code § 59.18.230(2)(d).

**ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** ~ 2

On January 4, 2021, Plaintiff signed a rental agreement for an apartment unit at River House at the Trail Head along East Mission Parkway in Spokane, Washington, which now dismissed Defendant Enjoy! The River owned and which was managed by Defendant Avenue5. Plaintiff's lease contract contained more than 70 pages and was identical or similar to the lease agreements for other tenants in the complex. Her lease term ran from January 2021 to March 2022.

Plaintiff seeks to certify a class representing:

(1) All persons;
(2) Who rented any property in Washington State;
(3) Where Avenue was the "landlord" of the rental property, as defined by Wash. Rev. Code § 59.18.030(16);
(4) Who signed any lease agreement;
(5) Where the lease agreement contained provisions prohibited by the RLTA.

Plaintiff also seeks to certify Subclass A, representing;

(1) Those individuals who meet the requirements for all class members above; and
(2) Who are required to pay any amounts for late fees imposed before five days had passed since the rent was due, for pest control charges (excluding those in a single-family dwelling), for a service fee imposed for notice served under Wash. Rev. Code § 59.12, et seq., and/or attorney's fees and costs that were not allowed under the RLTA.

Plaintiff, on behalf of the proposed class, seeks damages covering the paid-for charges and fees Defendant collected in violation of state law; statutory damages of $500 or two times the monthly rent per unit, per prospective tenant pursuant to Wash. Rev. Code § 59.18.230; treble damages pursuant to Wash. Rev. Code § 19.86.090; reasonable attorneys' fees and costs pursuant to Wash. Rev. Code § 59.18.230 or § 19.86.090; prejudgment interest on illegal costs and fees paid by tenants; post judgment interest; declaratory judgment that Defendant's illegal lease provisions are void; and injunctive relief forcing Defendant to cease

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION ~ 3

use of the lease agreements in question.

For claim 1—the violation of Wash. Rev. Code § 59.18—she seeks to represent a class period running from January 3, 2019, to the date of certification. For claims 2 and 3—the violations of Wash. Rev. Code § 19.86 and unjust enrichment—she seeks to represent a class period running from January 3, 2020, to the date of certification.

## II.    CERTIFICATION STANDARD

Under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) and (d)(5)(B), a federal court has original jurisdiction to hear class action cases involving (1) more than $5,000,000, exclusive of interests and costs; (2) when minimal diversity exists between any one plaintiff and any one defendant; and (3) involving 100 or more proposed class members. The removing party need only allege, in good faith, that jurisdiction exists. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

Fed. R. Civ. P. 23 governs the certification of a class action. Under Rule 23(a), a party seeking to certify a class must show:

(1)    the class is so numerous that joinder of all members is impracticable;
(2)    there are questions of law or fact common to the class;
(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4)    the representative parties will fairly and adequately protect the interests of the class.

Further, after deciding whether Rule 23(a) is satisfied, a court must consider if, under Rule 23(b), the class is appropriate and in relevant part:

(3)    [if] the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairy and efficiently adjudicating the controversy. The matters pertinent to these findings include:

**ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION ~ 4**

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D) the likely difficulties in managing a class action.

A plaintiff bears the burden of proving the Rule 23 requirements have been satisfied. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022).

A district court must perform a rigorous analysis for class certification under Rule 23. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). In reviewing a motion for class certification, a court must accept as true the substantive allegations of a plaintiff's claim. *See Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975).

### III. PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

To achieve class certification, Plaintiff must satisfy each factor of Rule 23(a), and she must also meet the requirements of Rule 23(b).

Defendant opposes the certification on four grounds: (1) Plaintiff is an inadequate representative of the class because she settled her individual claims with dismissed Defendant Enjoy! The River, resolved her injury or harm, and no longer has standing; (2) Plaintiff's settlement with Enjoy! The River makes her claims atypical under Rule 23(a)(3); (3) Plaintiff has failed to establish commonality because the lease agreements vary significantly; and (4) Plaintiff cannot show a class action is the superior method for resolving claims under Rule 23(b)(3).

The Court considers the arguments and Rule 23(a) and 23(b) in turn.

//

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION ~ 5

### A. Numerosity

CAFA requires a minimum of 100 putative class members. Defendant does not challenge Plaintiff's Motion as to numerosity. Further, Plaintiff points to Defendant's discovery disclosures to achieve numerosity, which show 78,535 of its leases contained the alleged illegal class action waiver; 38,850 leases contained the alleged illegal attorney's fees provision; 36,384 leases contained the alleged illegal construction liability waiver; 44,482 leases contained an alleged illegal provision requiring tenants pay for service of notice fees as additional rent; 27,413 leases contained an alleged illegal requirement tenants pay a fee for service of landlord tenant notices; 14,223 tenants were required to pay alleged illegal pest control fees; and at least 179 leases contained alleged illegal requirements tenants pay a late fee before the 7th of each month.

Given Defendant did not challenge numerosity and upon reviewing the briefing, the Court finds numerosity satisfied.

### B. Commonality

Rule 23(a)(2) requires a plaintiff demonstrate a common content that is capable of class-wide resolution in that "its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). In analyzing for commonality in questions of law or fact, "the key inquiry is not whether the plaintiffs have raised common questions, even in droves, but rather, whether a class treatment will generate common *answers* apt to drive the resolution of the litigation." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.2d 952, 957 (9th Cir. 2013) (citations omitted and emphasis in original). Rule 23(a) requires only a single significant question of law or fact be common. *See id.*

The Court finds commonality satisfied because Plaintiff's common question regarding the challenged lease provisions will drive the litigation resolution and will generate a common answer—whether or not they violated state law. *See*

**ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** ~ 6

*Abdullah*, 731 F.2d at 957. The challenge to even one shared lease provision across the putative class lease agreements is enough to satisfy Rule 23(a). *See id.*

### C.  Typicality

Rule 23(a)(3) requires the claims or defenses presented by representative parties be the typical kind for the class. "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The test for typicality looks at "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* (citations omitted). If a representative is preoccupied with unique defenses, certification may not be appropriate. *See id.*

Plaintiff allegedly suffered injury from illegal lease provisions and in the form of statutory damages, as allowed by Wash. Rev. Code § 59.18.230(3): "If a landlord knowingly uses a rental agreement containing provisions known by him or her to be prohibited, the tenant may recover [. . .] statutory damages not to exceed two times the monthly rent charged for the unit, costs of suit, and reasonable attorneys' fees."

She seeks to represent a class where "other members have the same or similar injury" under the statute and the other proposed class members "have been injured in the same course of conduct" through the alleged illegal lease provisions. *Hanon*, 976 F.2d at 508. Thus, the Court finds typicality satisfied.

### D.  Fair and Adequate Class Representative

Rule 23(a)(4) requires named plaintiffs fairly and adequately represent the interests of the proposed class. District courts must resolve two questions for adequacy: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco*

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION ~ 7

*Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (citation omitted).

Given the availability of statutory damages in this matter and Plaintiff's and counsel's assertions they have no conflicts that would interfere with their ability to represent the class in this matter, *see Ellis*, 657 F.3d at 985, the Court finds Plaintiff to be a fair and adequate class representative.

### E. Rule 23(b) – Class Action Superiority

#### 1. Legal Standard

Once Rule 23(a) is satisfied, district courts look to Rule 23(b)(3), which requires a court "finds that the questions of law and fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Courts must consider:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

District courts must give careful scrutiny to whether the common or individual issues predominate. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). When "one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." *Id.* at 453–54 (citing 7AA C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 1778, 123–24 (3d ed. 2005)).

The Ninth Circuit cautions against certifying a class that will dissolve into a series of "mini-trials" on issues like causation and based on a particular class

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION ~ 8

member's individual circumstances. *White v. Symetra Assigned Benefits Serv. Co.*, 104 F.4th 1182, 1195 (9th Cir. 2024). However, damages alone cannot defeat certification because the "amount of damages is invariably an individual question and does not defeat class action treatment." *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016).

For superiority, district courts must consider whether class litigation will reduce costs and promote greater efficiency, and if "no realistic alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234–35 (9th Cir. 1996). Under the final prong of Rule 23(b) looking at the difficulty in the management of the class, if the complexities of the class action outweigh the benefits of considering common issues, then class action is not superior. *See Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001). "If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not superior." *Id.* (quotation omitted).

### 2. Analysis

If provisions of Defendant's lease agreements are found to be illegal, then the common question of statutory damages under Washington State law, as shared by the proposed class, will predominate as the central issue in the litigation. *See Tyson Foods, Inc.*, 577 U.S. at 453. In considering the Rule 23(b) factors, the Court finds any class members' interests in individually controlling the litigation separately—a fact not known to the Court at this juncture—is not a barrier. The Court is also unaware of any other litigation on this matter. Finally, the Court finds it desirable to concentrate the litigate because it potentially involves more than 100 class members claiming the same injury, which outweighs any potential difficulties that comes with managing class litigation. Judicial efficiency calls for consolidation. *See Valentino*, 97 F.3d at 1234–35.

Further, as to any potential actual damages allegedly suffered by class members, individual damage calculations do not defeat certification. *See Vaquero*,

824 F.3d at 1155. Calculating damages as to individual class members would not devolve into a series of mini trials because the issue of causation would hinge on whether a lease provision existed and if it was illegal; the analysis would likely not depend heavily on individual circumstances. *See White*, 104 F.4th at 1195. Defendant expressed concerns about answering for each class member (1) whether the class member was charged an alleged illegal fee; (2) whether they paid the fee; and (3) whether they were credited or refunded any fees. But the Court does not find these questions too individualized to defeat class action superiority.

Plaintiff has satisfied the requirements under Rule 23(b), and the Court finds class action the superior method of managing this litigation.

## IV.    CONCLUSION

Pursuant to CAFA jurisdiction and Rules 23(a) and (b), this Court finds Plaintiff has met its burden for class certification. *See Mazza*, 666 F.3d at 588. However, the Court notes it may revisit the issue of class certification during litigation, as allowed by Rule 23(c)(1)(C). If discovery indicates certification is no longer appropriate, the Court will exercise its discretion to decertify the class. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Class Certification, ECF No. 43, is **GRANTED.**

2. The Court **CERTIFIES** this matter as a class action. The class and subclass are defined as follows:

**Main Class**

(1) All persons;
(2) Who rented any property in Washington State;
(3) Where Avenue was the "landlord" of the rental property, as defined by Wash. Rev. Code § 59.18.030(16);
(4) Who signed any lease agreement;
(5) Where the lease agreement contained provisions prohibited by the RLTA.

**ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** ~ 10

**Subclass A**

(1) Those individuals who meet the requirements for all class members above; and
(2) Who are required to pay any amounts for late fees imposed before five days had passed since the rent was due, for pest control charges (excluding those in a single-family dwelling), for a service fee imposed for notice served under Wash. Rev. Code § 59.12, et seq., and/or attorney's fees and costs that were not allowed under the RLTA.

3. The parties shall file a Joint Status Report and Discovery Plan, including proposed trial dates, on or before **September 26, 2025**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 22nd day of August 2025.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** ~ 11